**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| | **2:24-MD-03126-BMM** |
| IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION | **ORDER REGARDING INITIAL CASE MANAGEMENT CONFERENCE** |

Cases from several Districts have been transferred to the undersigned by the Judicial Panel on Multidistrict Litigation (the "Panel) pursuant to 28 U.S.C. § 1407.  (Doc. 1, No. 2:24-MD-03126 ("MDL 3126").)  Plaintiffs in these cases allege that a threat actor stole the personal information of more than 500 million individuals from Defendant Snowflake and certain of its corporate clients.  To date, 108 cases are part of MDL 3126.  Each case appears to be in the pleading stage.

The Court has set an initial case management conference for **November 14, 2024, at 10:00 a.m.**  (Doc. 78.)  This order addresses the materials to be filed in advance of the conference and other relevant issues.

1.     *Attendance*.  To minimize costs and facilitate a manageable conference, Montana counsel will attend in person, but counsel from other states may attend by

Zoom. (Doc. 78.) Counsel with similar interests may agree to the extent practicable on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation, and attendance at the conference will not waive objections to jurisdiction, venue, or service. Counsel who wish to attend by Zoom shall use the Zoom meeting information contained in the Order setting the initial case management conference. (Doc. 78.) Any counsel who seeks a leadership position on this MDL, and other counsel who wish to be heard on more than minimal issues, should be present in the courtroom.

2.      *Other participants*. Counsel whose clients are not parties in this litigation, but may later be joined, are invited to participate.

3.      *Service List*. The Court will send this Order to counsel who have appeared in the cases currently consolidated in MDL 3126. Counsel on this list should forward a copy of this Order to other attorneys who should be notified of the conference.

4.      *Memorandum and Discussion of Issues*. Defense and Plaintiffs' counsel shall confer and file a joint memorandum, by November 7, 2024, that addresses the following issues and any other matters the parties deem relevant:

a.  Does the MDL have categories of cases that raise different common issues, or do all cases raise the same common issues?

b.  What common-issue fact discovery is needed to resolve this MDL?

c.  How should case-specific discovery be handled?

d.  Should a document depository be created?  If so, how should it be funded and managed, and who should be granted access?

e.  Have the parties established an ESI protocol that is being used in some or all of the cases?  What ESI issues will the Court need to resolve?  Should the Court enter a preservation order?

f.  Have the parties agreed upon protective orders and F. R. Evid. 502(d) orders that are being used in some or all of the cases?  Are they needed for the MDL?

g.  Do some cases present jurisdictional issues that should be addressed early? If so, what are those issues and what cases are affected?

h.  Are similar cases pending in state court? If so, where and in what number?  Has there been any coordination with state court cases thus far?

i.  Should a master complaint be drafted and filed? Should it supersede pending complaints in individual cases? Should the Court authorize direct filing in this district for future cases, and if so, should short-

form complaints and answers be used? How should service of process be accomplished with short-form complaints?

j.   What common and case-specific expert witnesses are anticipated in this litigation?

k.   What discovery schedule should the Court establish? The proposed schedule should include deadlines for (i) completion of common-issue fact discovery, (ii) complete disclosures under F. R. Civ. P. 26(a)(2)(B)-(C) of the direct and rebuttal opinions of common-issue experts, (iii) depositions of common-issue experts, (iv) filing of common-issue motions for summary judgment, (v) bellwether disclosures, selection, and case-specific discovery if the parties wish to hold bellwether trials, and (vi) bellwether trials if the parties wish to hold such trials.

l.   Should the case include alternatives to traditional written discovery such as fact sheets or profiles to be completed under oath by parties?

m. Are there particular issues which, if resolved early, will significantly advance the litigation?

n.   Beyond motions to dismiss, what pretrial motions are likely and what is the best procedure for addressing them?

o.   Should a special master be considered for oversight of issues
     presented by the MDL?

p.   Should the Court consider setting a firm date by which the MDL will
     close, and no other cases will be permitted?

q.   Have the parties engaged in any settlement efforts or alternative
     dispute resolution process for cases now assigned to this MDL?
     Should a neutral be designated to assist the parties as the litigation
     proceeds? The Court notes that it will not pause the MDL for
     extended settlement talks.

r.   If bellwether trials are anticipated, will *Lexecon* waivers be granted?
     *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26
     (1998).

5.      *Separate Plaintiffs' Submission*.  Plaintiffs' counsel shall file a separate
memorandum by **November 7, 2024**, addressing:

a.   A proposed leadership structure for the Plaintiffs' side of this case,
     including the designation of lead or liaison counsel and supporting
     committees;

b.   Whether a common benefit fee and expense fund should be
     established and, if so, how the fund should be managed.

6.    *Admission of Counsel*. Attorneys not admitted to the federal bar for the District of Montana must request pro hac vice e-filing access to the District of Montana CM/ECF system through PACER and then electronically file a motion to proceed pro hac vice in this matter.  Once the pro hac vice motion has been granted, counsel shall file a notice of appearance in the master docket.  *See*, Rule of Procedure of the U.S. Judicial Panel on Multidistrict Litigation 2.1(c).

7.    *Later-Filed Cases.*  This Order applies to any cases later filed in, transferred to, or removed to this Court.

8.    *Applications for Lead and Liaison Counsel.*  The Court intends to appoint leadership counsel for Plaintiffs and Defendants.  The Court expects Defendants to designate lead counsel.  Applications for Plaintiffs' lead counsel must be filed by **November 7, 2024**.  The Court will consider only attorneys who have filed a civil action or an appearance in this litigation.  Important selection criteria will include: (1) ability to work cooperatively with others; (2) willingness and ability to commit to a lengthy and time-consuming process; (3) professional experience in this type of litigation; (4) diversity and leadership experience of applicants; and (5) access to sufficient resources to advance the litigation in a timely manner.  Applicants should include the names of other judges with whom they have worked in complex litigation—judges the undersigned can contact in considering leadership appointments.

DATED this 21st day of October, 2024.

Brian Morris, Chief District Judge
United States District Court