**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION | Case No. 2:24-MD-03126-BMM<br><br>**ORDER APPOINTING LEADERSHIP COUNSEL AND CASE MANAGEMENT ORDER** |

The Court reviewed submissions from counsel for leadership positions and heard discussion of leadership structures at the Initial Conference on November 14, 2024. (Doc. 235.) The Court appreciates the time and effort taken to apply and the many strong proposals for managing this matter efficiently.

### I.  Plaintiffs' Leadership Counsel

The quality of candidates and their willingness to work cooperatively builds confidence that the group selected by the Court will incorporate the ideas and energy of all who applied and who wish to work on this case. The Court sought to involve attorneys with diverse backgrounds and less experience in complex litigation. The Court carefully has reviewed the applications and proposed leadership structures and appoints the following plaintiffs' counsel to leadership positions, as indicated, and to be known as "Plaintiffs' Leadership Counsel:"

1

| Plaintiffs' Co-Lead Counsel | |
|---|---|
| John Heenan | Heenan & Cook<br>1631 Zimmerman Trail<br>Billings, MT 59102 |
| Amy Keller | Dicello Levitt<br>Ten North Dearborn Street 6th Floor<br>Chicago, IL 60602 |
| Jason Rathod | Migliaccio & Rathod LLP<br>412 H Street NE Suite 302<br>Washington, D.C. 20002 |
| J. Devlan Geddes | Goetz, Geddes & Gardner P.C.<br>35 N. Grand Ave.,<br>Bozeman, MT 59715 |
| Raphael Graybill | Graybill Law Firm, PC<br>300 4th Street North<br>P.O. Box 3586<br>Great Falls, MT 59403 |

| Plaintiffs' Executive Committee ("PEC")/Liaison Counsel | |
|---|---|
| Jeff Ostrow | Kopelowitz Ostrow Ferguson Weiselberg Gilbert<br>1 West Las Olas Blvd 5th Floor<br>Ft. Lauderdale, FL 33301 |
| William Rossbach | Rossbach Law PC<br>401 North Washington Street<br>P.O. Box 8988<br>Missoula, MT 59807-8988 |
| James Pizzirusso | Hausfeld<br>888 16th Street NW Suite 300<br>Washington, D.C. 20006 |

These lawyers satisfy the criteria for selection contained in the Manual for Complex Litigation 4th. Counsel have conducted extensive work to identify and investigate claims in this matter, participated in complex litigation, demonstrated knowledge of the law and willingness to work collaboratively, with the Court, and with opposing counsel. All counsel have the resources necessary to sustain this litigation.

The Manual for Complex Litigation encourages courts to assess "whether designated counsel fairly represent the various interests in the litigation—where diverse interests exist among the parties, the court may designate a committee of counsel representing different interests." Manual For Complex Litigation § 10.224 (4th ed. 2004.) Courts should "consider favoring the individual-application method over the consensus-selection method" when appointing leadership counsel.  George Washington Law School, *Guidelines and Best Practices for Judges Appointing Lawyers to Leadership Positions in MDL and Class Action Litigation*, Best Practice 1B (September 24, 2020). The differing approaches to this litigation presented by each of these lawyers will strengthen the group's decision-making process and ensure that leadership will advance the interests of a diverse group of plaintiffs. An odd number of Co-Lead Counsel, as discussed at the hearing, should minimize the need for the Court to become involved in disagreements among Co-Leads.

The Court faced a difficult task in selecting this group due to the large number of well-qualified counsel from whom to choose. The Court remains satisfied, however, that the appointed group that will work together, cooperate with Defense counsel, and advance this litigation. The Court understands that modification to Plaintiffs' leadership structure may be required as the case proceeds. Plaintiffs' Co-Lead Counsel may propose any modification to the leadership structure whenever necessary.

## II.     Responsibilities

### A.     Procedural Matters

The District of Montana will maintain a Master Docket under the Case No. 2:24-MD-03126-BMM. Plaintiffs' Lead/Liaison Counsel will be the only attorneys permitted to file in the Master Docket as to all actions. The Court will discuss any potential issues with the filing process at the next Case Management Hearing on January 9, 2025 at 1:30 p.m.

Plaintiffs' Lead/Liaison Counsel shall be responsible for the following tasks with regard to the Master Docket:

1. Serve as the recipients for all Court orders;
2. Coordinate discovery and litigation with similar cases outside this Court's jurisdiction, if necessary;

3. Maintain contact with pro se plaintiffs to the extent possible and ensure service of all filings to pro se plaintiffs.

Lead/Liaison Counsel remains responsible for service only regarding filings in the Master Docket. The Court will discuss any potential need for case-specific filings at the upcoming Case Management Hearing. In the meantime, all counsel of record in the relevant member action will receive a Notice of Electronic Court Filing from the Court about case-specific filings.

New counsel for later-filed or later transferred cases that become part of this MDL shall be responsible for checking the Master Docket for all orders previously entered that may have relevance to such new cases.

### B. Leadership Structure, Descriptions and Joint Memorandum.

The Court recognizes that it has assembled this group from counsel with differing approaches. Co-Lead and Liaison Counsel must work together to propose a leadership structure beyond what the Court has outlined. Co-Lead Counsel shall submit a proposed leadership structure to the Court by November 26, 2024. The proposed leadership structure should include a description of each leadership role and its function in advancing the MDL. Co-Lead Counsel should consider using the attorneys who submitted applications for other leadership roles, with a particular emphasis on diversity of backgrounds and experience.

In addition to these responsibilities, Plaintiffs' Co-Lead/Liaison Counsel shall coordinate to establish a document depository, real or virtual, to be available to all participating plaintiffs' counsel; maintain and make available to all participating plaintiffs' counsel of record, at reasonable hours, a complete file of all documents served by or upon each party (except documents as may be available at a document depository); prepare agendas for court conferences and periodically report regarding the status of the case; and carry out any other such duties as the Court may order.

By December 9, 2024, Co-Lead Counsel shall meet and confer with Defense Counsel and submit a joint memorandum on the form of the action. If agreement is not possible, Plaintiffs and Defendants will present their respective positions on the form of the action. Co-Lead Counsel and Defense Counsel also should meet and confer to discuss any impending discovery issues, pro se plaintiffs, related state court cases, and the appointment and potential role of a special master.

### C.   Reimbursement of Costs Expended

Plaintiffs' Leadership Counsel shall be entitled to seek reimbursement for costs expended at the time and in a manner approved by the Court. A further case management order to be proposed by Plaintiffs' Co-Lead/Liaison Counsel and entered by the Court shall govern proposed reimbursements.

### III. Defendants' Lead Counsel

As discussed at the hearing and in the Parties' Joint Memorandum (Doc. 220), each Defendant will appoint its own lead counsel. If a single point of contact with Defendants becomes necessary, the Parties may discuss this issue at a future case management hearing.

### IV. Next Case Management Hearing

The Court will conduct a case management conference on January 9, 2025, at 1:30 p.m. at the Mike Mansfield Federal Courthouse, in Butte, Montana. The Court will address the issues raised in the joint memorandum at the hearing. The Court will issue a more comprehensive case management order as the MDL progresses.

Accordingly, it is hereby **ORDERED**:

1. The above-named attorneys are hereby appointed as Plaintiffs' Co-Lead and Liaison Counsel.

2. By November 26, 2024, Co-Lead Counsel will submit a proposed leadership structure;

3. Plaintiffs' Co-Lead Counsel and Defendants' Lead Counsel will meet and confer and submit a joint memorandum discussing the above issues by Monday, December 9, 2024;

DATED this 19th day of November, 2024.

_____
Brian Morris, Chief District Judge
United States District Court