# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| **IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION** | 2:24-MD-03126-BMM <br><br> **JOINT PROPOSED SCHEDULE FOR MOTIONS TO COMPEL ARBITRATION** |

The Parties met and conferred pursuant to the Court's Order (Doc. 276), and submit the joint proposed schedule for filing motions to compel arbitration and accompanying briefs:

1. Promptly on filing of the Complaint, Plaintiffs and any Defendant contemplating moving to compel arbitration shall meet and confer in good faith to determine whether the early exchange of information may facilitate the expeditious resolution of such motion including the decision whether to file such a motion (*e.g.*, additional identifying information related to individual plaintiffs, certain information concerning the arbitration agreement at issue, etc. . . .). The Parties reserve the right to ask the Court to modify this schedule if, following the meet and confer process, they are unable to obtain information essential to determine whether to file such a motion or the resolution of a motion to compel arbitration.

2. Within 35 days of Complaint being filed: deadline for any Defendant moving to compel to file such motion.

3. Within 45 days of Complaint (10 days filing of motion): the Parties are to indicate whether they intend to seek discovery as to any of the motions to compel; the Parties will then jointly alert the Court that such a request has been made (without argument) and the briefing on motions to compel will be

stayed pending resolution of the discovery question.[1]

4. [If no discovery] Within 62 days of Complaint (27 days after filing of motion): Plaintiffs oppose.

5. [If no discovery] Within 79 days of Complaint (17 days after filing of opposition): reply deadline.

6. [If no discovery] 85 days after filing of Complaint (or as soon as available thereafter): hearing on motions to compel.

The Parties did not reach agreement on a schedule for the Rule 12 motions to dismiss before the January 8th filing deadline, but are prepared to discuss their respective positions with the Court on January 9, 2025.

Respectfully submitted,

/s/ Jason Rathod
Jason S. Rathod
**Migliaccio & Rathod LLP**
412 H St NE, Suite 302
Washington DC 20002
Tel. 202.470.3520
jrathod@classlawdc.com

/s/ John Heenan
John Heenan
**Heenan & Cook**
1631 Zimmerman Trail
Billings, MT 59102
Tel. 406.839.9091
john@lawmontana.com

---

[1] There is a disagreement on whether discovery regarding motions to compel arbitration is appropriate. Without prejudicing any Party's position on arbitration or arbitration-related discovery (including the position such discovery is improper), the Parties have agreed to meet and confer on the issue should it arise, and agree it will stay briefing until resolved.

/s/ Amy Keller
Amy Keller
**DiCello Levitt LLP**
Ten North Dearborn, Sixth Floor
Chicago, Illinois 60602
Tel. 312.214.7900
akeller@dicellolevitt.com

/s/ J. Devlan Geddes
J. Devlan Geddes
**Goetz, Geddes & Gardner P.C.**
35 N. Grand Ave.
Bozeman, MT 59715
Tel. 406.587.0618
devlan@goetzlawfirm.com

/s/ Raph Graybill
Raphael Graybill
**Graybill Law Firm, PC**
300 4th Street North
Great Falls, MT 59401
Tel. 406.452.8566
raph@graybilllawfirm.com

*Co-Lead Counsel for Plaintiffs*

/s/ Brianne C. McClafferty
Brianne C. McClafferty
Holland & Hart LLP

/s/ Stephen A. Broome
Stephen A. Broome
Quinn Emanuel Urquhart & Sullivan LLP

ATTORNEYS FOR DEFENDANT SNOWFLAKE INC.

/s/ Gilbert S. Keteltas
Gilbert S. Keteltas

Baker & Hostetler LLP

ATTORNEYS FOR AT&T INC. and AT&T MOBILITY, LLC

/s/ Joshua Becker
Joshua Becker
Shook, Hardy &Bacon L.L.P.

ATTORNEYS FOR ADVANCED AUTO PARTS, INC.

/s/ Paul Anthony Werner, III
Paul Anthony Werner, III
Sheppard Mullin Richter & Hampton LLP

ATTORNEYS FOR QUOTEWIZARD.COM, LLC AND LENDINGTREE, LLC

/s/ Perie Reiko Koyama
Perie Reiko Koyama
Hunton Andrews Kurth LLP

ATTORNEYS FOR NEIMAN MARCUS GROUP, LLC

/s/ Elijah L. Inabnit
Elijah L. Inabnit
Garlington, Lohn & Robinson, PLLP

/s/ William K. Whitner
William K. Whitner
Paul Hastings LLP

ATTORNEYS FOR LIVE NATION ENTERTAINMENT, INC. and TICKETMASTER, LLC