# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION | Case No. 2:24-MD-03126-BMM<br><br>**STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIALITY** |

Whereas, the parties have stipulated that certain discovery material be treated as confidential;

Accordingly, it is this 6th day of February, 2025, by the United States District Court for the District of Montana, **ORDERED**:

1.      **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below.

2.      **Confidential Information.** As used in this Order, "Confidential Information" means information a party, including a third party, designates as:

(A) "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" where the information falls within one or more of the following categories: (a) information

2

prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, development, technical, financial, or commercial information that the party has treated as confidential; (d) medical information concerning any individual; (e) personally identifying information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records. Information or documents that are available to the public may not be designated as Confidential Information; or

(B) "CONFIDENTIAL - ATTORNEY EYES ONLY - SUBJECT TO PROTECTIVE ORDER" where the information is deemed especially sensitive, disclosure of which may result in serious harm that cannot be avoided by less restrictive means, which may include, but is not limited to, confidential research and development, financial, technical (including but not limited to system and IT architecture, source code, design, structure, or other technical specifications), strategic plans, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter.

(C) The parties may apply the above confidentiality designations to each produced document as a whole, based on the information contained or embodied therein. The parties anticipate that documents will be reviewed for applicability of these categories and blanket designations of "CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER" and "CONFIDENTIAL - ATTORNEY EYES ONLY - SUBJECT TO PROTECTIVE ORDER" will not be applied to all documents simply because they are produced in relation to the current litigation. The producing parties agree to meet and confer with the receiving parties regarding confidentiality designations if the receiving parties reasonably believe that certain *parts* of material, documents, items, or oral or written communications designated as Confidential Information should not be designated as such, or should be designated at a lower-level confidentiality designation.

   3.   **Designation.**

   (A) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEY EYES ONLY - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEY EYES ONLY - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this

Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEY EYES ONLY - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

4. **Depositions.** Deposition testimony is protected by this Order only if designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEY EYES ONLY - SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken or within thirty days after receipt of the final transcripts and exhibits, unless otherwise extended by agreement between the parties. The parties shall treat deposition testimony as CONFIDENTIAL – ATTORNEY EYES ONLY – SUBJECT TO PROTECTIVE ORDER during the thirty days following the parties' receipt of the final transcript and exhibits. Within such thirty-day period, a party shall designate the portions that contain that party's Confidential Information. Any testimony which describes a document which has been designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEY EYES ONLY - SUBJECT TO PROTECTIVE ORDER," as described above, shall also be deemed to be designated as at least "CONFIDENTIAL - SUBJECT TO PROTECTIVE

ORDER" or "CONFIDENTIAL - ATTORNEY EYES ONLY - SUBJECT TO PROTECTIVE ORDER," as applicable.

5. **Protection of Confidential Material.**

(A) General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof. Confidential Information may be disclosed only to the named plaintiff(s) and not to any other member of the proposed class(es).  If and when the class(es) is/are certified, the parties agree to meet and confer to determine whether certain other (unnamed) members of the proposed class(es) also have a reasonable basis to access certain Confidential Information.

(B) Limited Disclosures of information designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." The parties and counsel for the parties shall not disclose or permit the disclosure of any information designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to any person or entity except as set forth in subparagraphs B(1)-(12). Subject to these requirements, the following categories of persons may be allowed to review information designated "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER":

(1) Counsel.

(a) Outside Counsel for the parties and employees of counsel who have a reasonable need for access;

(b) In-house Counsel for the parties and supporting employees within the legal department who have a reasonable need for access;

(2) Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel, as well as any mediators or arbitrators, including their necessary staff, engaged by the parties or appointed in this action by the Court for settlement purposes;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Document Vendors. Those persons specifically engaged for the purpose of making copies of documents or organizing, hosting or processing documents, which includes hosting, processing and sub-processing using "cloud-based" technology, provided however that all third parties have agreed to maintain the confidentiality of any documents they receive consistent with this Order and that document storage, hosting, and processing

is done in a secure manner with commercially reasonable safeguards to prevent unauthorized access;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Mock Jurors and Focus Group Participants. Professional jury or trial consultants including mock jurors and focus group participants who have signed a confidentiality agreement, except that Mock Jurors and Focus Group Participants are not permitted to possess or retain such information;

(8) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Deposition transcripts or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(9) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation);

(10) A party's insurer, its counsel, and their staff who have responsibility for insurer's obligations in connection with this litigation;

(11) Plaintiffs' personally identifiable information, such as birthdates and physical and email addresses, which the Parties acknowledge should not be disclosed publicly such as on the Court docket, may be used as necessary in seeking third party discovery related to Plaintiffs, provided: (i) advance notice is given to Plaintiffs, (ii) the third party confirms that the information is reasonably necessary in order to respond to the third party discovery, (iii) any personally identifiable information is encrypted or protected during transmission in a manner consistent with this Order and any ESI protocol entered in this matter, and (iv) a copy of this Protective Order is shared with the third party; and

(12) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(C) Limited Disclosures of information designated "CONFIDENTIAL – ATTORNEY EYES ONLY - SUBJECT TO PROTECTIVE ORDER." The parties and counsel for the parties shall not disclose or permit the disclosure of any

9

information designated "CONFIDENTIAL – ATTORNEY EYES ONLY - SUBJECT TO PROTECTIVE ORDER" to any person or entity except as set forth in subparagraphs C(1)–(11). Subject to these requirements, the following categories of persons may be allowed to review information designated "CONFIDENTIAL – ATTORNEY EYES ONLY - SUBJECT TO PROTECTIVE ORDER":

(1) Counsel

(a) Outside Counsel for the parties and employees of counsel who have a reasonable need for access;

(b) In-house Counsel for the parties and supporting employees within the legal department who have a reasonable need for access;

(2) The Court and its personnel, as well as any mediators or arbitrators, including their necessary staff, engaged by the parties or appointed in this action by the Court for settlement purposes;

(3) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(4) Document Vendors. Those persons specifically engaged for the purpose of making copies of documents or organizing, hosting or processing documents, which includes hosting, processing and sub-processing using "cloud-based" technology, provided however that all third parties have

agreed to maintain the confidentiality of any documents they receive consistent with this Order and that document storage, hosting, and processing is done in a secure manner with commercially reasonable safeguards to prevent unauthorized access;

(5) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(6) Mock Jurors and Focus Group Participants. Professional jury or trial consultants including mock jurors and focus group participants who have signed a confidentiality agreement, except that such Mock Juror or Focus Group Participant is not permitted to possess or retain such information. The party showing the "ATTORNEY EYES ONLY" material to any mock juror or focus group participant must certify to the producing party that any mock juror and focus group participant that has viewed or been provided with that producing party's "ATTORNEY EYES ONLY" material has not possessed or retained such information after the conclusion of their service as a mock juror or focus group participant;

(7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. All current employees of a designating party (including parents and subsidiaries) may be shown during their depositions material that has been designated by their employer as "ATTORNEY EYES ONLY." The party seeking to use the "ATTORNEY EYES ONLY" material in a deposition shall, before showing it to a deponent, inform the designating party so the designating party may require any person who is not permitted to see the "ATTORNEY EYES ONLY" material, other than the deponent, leave the physical room and/or virtual room, until the deposition examination regarding the "ATTORNEY EYES ONLY" material is completed. If a party seeks to show material designated "ATTORNEY EYES ONLY" to a deponent who is not the designating party or an employee thereof, the party seeking to use such material shall inform the designating party at least five (5) days in advance of the deposition what specific "ATTORNEY EYES ONLY" material it seeks to use. The designating party shall not disclose to the deponent or any other party in advance of the deposition what "ATTORNEY EYES ONLY" material the party taking the deposition is seeking to use. If the designating party has a good faith objection to the "ATTORNEY EYES ONLY" material being shown to a deponent who is not the designating party or an employee

thereof, and it is not evident on the face of the document that the deponent already is aware of the information contained in the document, the designating party shall inform the party seeking to use the "ATTORNEY EYES ONLY" material at least two (2) days in advance of the deposition, and the document may not be shown to the deponent unless the designating party agrees or the party who seeks to use the "ATTORNEY EYES ONLY" material in the deposition obtains a Court Order permitting its use with the deponent. If a motion is filed based upon this subsection, the designating party bears the burden of establishing that disclosure of the "ATTORNEY EYES ONLY" material to the witness is improper. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Deposition transcripts or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation);

(9) Plaintiffs' personally identifiable information, such as birthdates and physical and email addresses, which the Parties acknowledge should not

be disclosed publicly such as on the Court docket, may be used as necessary in seeking third party discovery related to Plaintiffs, provided: (i) advance notice is given to Plaintiffs, (ii) the third party confirms that the information is reasonably necessary in order to respond to the third party discovery, (iii) any personally identifiable information is encrypted or protected during transmission in a manner consistent with this Order and any ESI protocol entered in this matter, and (iv) a copy of this Protective Order is shared with the third party;;

(10) A party's insurer, its counsel, and their staff who have responsibility for insurer's obligations in connection with this litigation; and

(11) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(D) Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information.

6. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the

designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7. **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. To the extent that any materials subject to this Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph 9 of this Order.

**8.      Challenges by a Party to Designation as Confidential Information.**

The designation of any material or documents as Confidential Information is subject to challenge upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

**9.      Use of Confidential Documents or Information at Trial or Hearing.**

Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial or hearing.

**10.     Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(A) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, unless prohibited by law or court order, the

16

receiving party must notify the designating party, in writing, promptly after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(B) Unless prohibited by law or court order, the receiving party also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(C) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by another party to this case.

11.  **Non-Party Information.** The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such

documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**12. Security.**

(A) Any receiving party in possession of Confidential Information shall establish reasonable internal procedures designed to ensure such Confidential Information is not accessed by or disseminated to unauthorized individuals.

(B) Confidential Information shall not be submitted to any open Generative AI tool that is available to the public or that trains upon or otherwise retains information submitted to it (e.g., ChatGPT, Google Bard). Before submitting any Confidential Information to a closed, enterprise Generative AI tool, a Receiving Party shall ensure that it (or its vendor) can delete all such Confidential Information from the Generative AI tool at the conclusion of this matter, including any derivative information stored within the tool. The obligations and restrictions of this paragraph apply even where the Confidential Information has been anonymized.

(C) Any receiving party in possession of Confidential Information shall ensure any document review platform utilized, and any vendor supporting such system if not supported internally, maintains reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Information, protect against any reasonably anticipated threats or

hazards to the security of such Confidential Information and protect against unauthorized access to or use of such Confidential Information.

(D)  If a receiving party discovers a breach of security, including any actual or suspected unauthorized access, to Confidential Information subject to this Protective Order ("Security Incident"), they shall: (1) notify the producing party of such Security Incident; (2) investigate and take reasonable efforts to remediate the effects of the Security Incident; and (3) provide sufficient information about the Security Incident such that the producing party can reasonably ascertain the scope of the Security Incident as it relates to the Confidential Information. The receiving party agrees to cooperate with the producing party or law enforcement in investigating any such Security Incident. In any event, the receiving party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

(E)  Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to take reasonable steps to protect Confidential Information from unauthorized disclosure.

**13.  Obligations on Conclusion of Litigation.**

(A) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(B) Obligations at Conclusion of Litigation. Within ninety (90) calendar days after final judgment in this action, including the exhaustion of all appeals, or within ninety (90) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to, at the producing party's discretion, either destroy or return to the producing party all materials and documents containing Confidential Information, and to certify to the producing party that this destruction or return has been done. For the avoidance of doubt, each party's obligation includes the destruction of all Confidential Information stored or residing in any and all Generative AI tools employed by that party in support of this action.

(C) Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney

may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

    **DATED** this 6th Day of February, 2025

_____
Brian Morris, Chief District Judge
United States District Court