# APPENDIX A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: BIO-LAB CLASS ACTIONS | CIVIL ACTION NO. 1:24-CV-4407-SEG |

**ORDER**

This matter is before the Court on several motions to appoint interim class counsel. (Doc. 61, 66, 67, 68, 69, 70, 98.) After carefully considering Plaintiffs' applications for appointment as interim class counsel, the Court enters the following order.

## I.  Appointment of Interim Class Counsel

Federal Rule of Civil Procedure 23(g)(3) permits the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *Morrison v. Fam. Dollar Stores, Inc.*, No. 24-60294-CIV, 2024 WL 3312055, at *1 (S.D. Fla. June 11, 2024); *Sorenson v. Delta Air Lines, Inc.*, 667 F. Supp. 3d 1289, 1323 (N.D. Ga. 2023) (quoting *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008)). These factors include:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions,

other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). "The Court's task is to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Bedont v. Horizon Actuarial Servs., LLC*, No. 1:22-CV-01565-ELR, 2022 WL 3702117, at *2 (N.D. Ga. May 12, 2022) (quoting Manual for Complex Litigation (Fourth) § 10.22 (2004)).

The Court has carefully reviewed Plaintiffs' counsel's applications for appointment as interim class counsel. At the outset, the Court observes that all the attorneys who have sought a leadership role in this action are well-qualified, diligent, and capable to serve as interim class counsel. Given the sheer abundance of skilled attorneys who seek appointment, however, the Court cannot appoint all of the applicants to leadership positions in this case. Accordingly, the Court finds that—considering the Fed. R. Civ. P. 23(g) factors—the following slate of attorneys and law firms have presented the strongest applications to represent the interests of the putative class on an interim basis:

2

**Interim Co-Lead Class Counsel**

Jason Carter, *Bondurant Mixson & Elmore, LLP*
Daniel Rock Flynn, *DiCello Levitt LLP*
Jean Martin, *Morgan & Morgan*, P.A.
L. Chris Stewart, *Stewart Miller Simmons*

**Interim Liaison Counsel**

J. Cameron Tribble, *Barnes Law Group, LLC*

**Interim Community Liaison Counsel**

M.J. Blakely, *The Blakely Firm, L.L.C.*

**Interim Plaintiffs' Executive Committee**

James Bilsborrow, *Weitz & Luxenberg, P.C.*
Mark P. Chalos, *Lieff Cabraser Heimann & Bernstein, LLP*
Gary Klinger, *Milberg Coleman Bryson Phillips Grossman, PLLC*
Robert S. Libman, *Miner, Barnhill & Galland, P.C.*
Edward Manzke, *The Collins Law Firm, P.C.*
Roger Orlando, *The Orlando Firm, P.C.*
Gerard Stranch, *Stranch, Jennings & Garvey PLLC*
Lynn Toops, *Cohen & Malad, LLP*

**Interim Business Class Committee**

Christopher L. Coffin, *Coffin Law, LLC*
MaryBeth V. Gibson*, Gibson Consumer Law Group, LLC*

As to the first 23(g) factor, the counsel included in this group have worked expeditiously to investigate potential claims in this action, preserve evidence, and safeguard the rights of putative class members. For instance, approximately two weeks after the fire at issue in this case, counsel moved for a temporary restraining order to ensure that putative class members were not

3

relinquishing their legal rights by participating in Defendants' community assistance program. (Doc. 42.) They later successfully negotiated with Defendants a joint proposal restricting Defendants' communications with putative class members. (Doc. 51, 53.) Another attorney included in the leadership structure also swiftly proposed a joint stipulated order to preserve evidence. (Doc. 62.)

Second, this slate of lawyers has extensive experience litigating complex class action matters involving environmental disasters, including at least one case about a chemical plant fire in Illinois. (Doc. 66 at 3). They have achieved excellent results in those matters, often securing significant settlements to compensate class members. (*Id.*) Third, such experience and achievements reflect a thorough understanding of the applicable law in class actions generally, and in toxic tort cases in particular. The Court is confident that counsel will leverage their considerable complex litigation expertise and knowledge of applicable law in representing the putative class members here.

With respect to the fourth 23(g) factor, counsel and their respective firms have represented that they will commit substantial resources to investigating and litigating this action. (*Id.*) Moreover, their proven track record in other complex class action matters reassures the Court that they possess the resources necessary to effectively serve the interests of the putative class.

4

Accordingly, the Court finds that the above-listed attorneys will fairly, adequately, responsibly, and efficiently represent the Plaintiffs in their respective interim roles. These appointments may be revisited at a later stage as this matter progresses.

## II. Duties of Interim Class Counsel and Others in Leadership Roles

With respect to the duties of interim class counsel and others in leadership roles, the Court **ORDERS** as follows:

### A. Interim Co-Lead Class Counsel

The duties of Interim Co-Lead Class Counsel include the following:

1. Coordinate, direct, and manage the litigation activities of all Plaintiffs' counsel to assure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, and economically, that schedules are met, and that unnecessary expenditures of time and expenses are avoided;

2. Facilitate, coordinate, direct, and manage the activities of Plaintiffs' Executive Committee members consistent with the directives of this Court;

3. Consult with and employ consultants or experts as necessary;

4. Coordinate with Plaintiffs' Executive Committee members in all aspects of the litigation to fund the necessary and appropriate

5

      costs of discovery and other common benefit efforts, including the maintenance of a Plaintiffs' document depository, *see Manual for Complex Litigation, Fourth* § 40.261;

5. Communicate with Defendants' counsel;

6. Coordinate settlement discussions or other dispute resolution efforts on behalf of Plaintiffs, under the Court's supervision, if and as appropriate;

7. Oversee litigation strategy, including briefing, discovery, trial, and appeals, and direct assignments to the Plaintiffs' Executive Committee as appropriate;

8. Enter into stipulations with other parties as necessary for the conduct of the litigation;

9. Prepare and distribute to the parties periodic status reports;

10. Maintain adequate time and disbursement records covering services as appointed counsel;

11. Submit to the Court and circulate to Plaintiffs' Executive Committee a time and expense reporting protocol;

12. Periodically communicate with the Court and non-leadership counsel as necessary or required to meet the demands of litigation;

13. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

14. Evaluate all work assigned to other Plaintiffs' counsel in this litigation and, if successful, recommend apportionment and allocation of fees and expenses subject to the Court's approval; and

15. Conduct all other matters concerning the prosecution or resolution of the actions against Defendants.

**B. Interim Liaison Counsel**

The duties of Interim Liaison Counsel include the following:

1. Together with Interim Co-Lead Class Counsel, direct and manage pretrial proceedings on behalf of putative class members, including briefing and argument of motions and the conduct of discovery proceedings;

2. In consultation with Interim Co-Lead Class Counsel, communicate with the Court concerning scheduling and other administrative matters;

3. Maintain an up-to-date, comprehensive Service List and promptly advise the Court and Defendants' counsel of changes to Plaintiffs' Service List;

4. Receive and distribute to Plaintiffs' counsel, as appropriate, orders, notices, and correspondence from the Court, to the extent such documents are not electronically filed; and

5. Coordinate outreach with Plaintiffs' Interim Community Liaison

Counsel to ensure communications with absent class members comport with orders entered by the Court.

### C. Interim Community Liaison Counsel

The duties of Interim Community Liaison Counsel include the following:

1. In connection with Interim Liaison Counsel, coordinate to ensure communications with absent class members comport with orders entered by the Court; and

2. Coordinate with Interim Co-Lead Class Counsel and the Plaintiffs' Executive Committee member charged with damages expert development to construct relief for putative class members to address their injuries.

### D. Interim Plaintiffs' Executive Committee

The duties of Interim Plaintiffs' Executive Committee members include the following:

1. Interim Executive Committee members shall perform work on specific assignments on an ongoing basis related to their areas of expertise including: discovery, third-party discovery, defensive discovery and plaintiff vetting, liability experts, damages experts, law and briefing, and settlement;

2. All counsel must keep a daily record of their time spent and expenses incurred in connection with this litigation and must

8

>   report on a monthly basis their expenses and hours worked to Interim Co-Lead Class Counsel according to the time and expense protocol;
>
> 3. In order for time and expenses to be compensable, those not serving in leadership positions must secure the express authorization of Interim Co-Lead Class Counsel for any projects or work undertaken in this litigation; and
>
> 4. At least on a quarterly basis, beginning on a date that the Court determines, and thereafter on the last business day of the month following the end of each calendar-year quarter (i.e., January, April, July, and October), Interim Co-Lead Class Counsel shall submit to the Court in camera reports reflecting hours billed in this matter by all Plaintiffs' counsel. Failure to maintain records with sufficient descriptions of the time spent and expenses incurred may be grounds for denying attorneys' fees and/or expenses, for the period that relates to the missing or inadequate submissions.

**E. Interim Business Class Committee**

The duties of Interim Business Class Committee members include the following:

9

>    1. In consultation with Interim Co-Lead Class Counsel, investigate and coordinate pretrial proceedings on behalf of putative business class members; and
>
>    2. Coordinate with Interim Community Liaison Counsel to keep businesses informed of status of litigation.

### III. Status Conferences

The Court intends to hold status conferences approximately every six weeks or as necessary. In advance of each status conference, Interim Co-Lead Class Counsel and Defendants' counsel shall meet and confer. Unless otherwise ordered, Interim Co-Lead Class Counsel and Defendants' counsel shall file a joint notice setting out the proposed agenda and the parties' joint and/or respective positions on agenda items no later than three business days prior to each status conference.

## IV. Conclusion

For the foregoing reasons, the Court **APPOINTS** interim class counsel as set forth in this Order. The Court **GRANTS IN PART** the *Tartt* Group's Motion to Appoint Lead Counsel. (Doc. 66.) The remaining motions to appoint interim class counsel are respectfully **DENIED**, with the Court's appreciation for counsel's willingness to serve in these roles. (Doc. 61, 67, 68, 69, 70, 98.)

The Court **DIRECTS** Plaintiffs to file an amended consolidated complaint by January 10, 2024. Defendants are to respond within 45 days of the filing of Plaintiffs' consolidated complaint. The next status conference in this matter is set for December 5, 2024, at 10:00 AM in Courtroom 2306.

This Order applies to all actions included in the above-captioned consolidated matter and all subsequently consolidated actions.

**SO ORDERED** this 15th day of November, 2024.

_____
SARAH E. GERAGHTY
United States District Judge

11