# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION | 2:24-MD-03126-BMM<br><br>**ORDER**<br>**RE: MOTION TO HIRE ELIJAH INABNIT AND REMAIN COURT-APPOINTED CO-LEAD COUNSEL** |

## BACKGROUND

Co-Lead Counsel John Heenan ("Heenan") seeks leave to hire Elijah Inabnit ("Inabnit") and remain Court-Appointed Co-Lead Counsel in the Snowflake MDL. (Doc. 490.) Defendants Ticketmaster LLC, Live Nation Entertainment, Inc., Snowflake, Inc., LendingTree, LLC, and Quotewizard.com LLC (collectively "Defendants") oppose the motion. (Doc. 507.)

Inabnit previously worked at Garlington Lohn Robinson in Missoula, Montana, where he represented Defendant Ticketmaster in this MDL. (Doc. 491 at 1.) Inabnit left Garlington Lohn Robinson on July 18, 2025. (*Id.*) Heenan now seeks to hire Inabnit to run his law firm's Missoula office. (*Id.*)

1

## DISCUSSION

Defendants argue that the Court lacks subject matter jurisdiction because this is a non-justiciable issue, and the Court would only be offering an advisory opinion. (Doc. 507 at 12–13.) The Court agrees and offers the following advice.

District courts must establish subject matter jurisdiction. *United Invs. Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). "Federal courts do not issue advisory opinions." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021). The advisory opinion rule is "the oldest and most consistent thread in the federal law of justiciability." *In re Facebook Simulated Casino-Style Games Litig.*, No. 22-16888, 2024 WL 2287200, at *2 (9th Cir. May 21, 2024). Federal courts "may resolve only 'a real controversy with real impact on real persons.'" *Id.* (quoting *American Legion* v. *American Humanist Assn.*, 588 U. S. ___, ___, 139 S.Ct. 2067, 2103, (2019)). "The 'case or controversy' requirement demands first that the issues be justiciable." *W. Min. Council v. Watt*, 643 F.2d 618, 623 (9th Cir. 1981) (internal citation omitted).

No real controversy exists at this point, as Heenan has not yet hired Inhabit and Defendants do not allege any instances of actual unethical conduct by Heenan or Inabnit or violations of the Montana Rules of Professional Conduct. Heenan seeks an advisory opinion from the Court regarding whether Heenan will jeopardize his role as Co-Lead Counsel in this case if he hires Inabnit. The Court

2

declines to address the merits of this issue as the Court lacks subject matter jurisdiction. *Watt*, 643 F.2d at 623.

The Court recognizes that attorneys "have the right to leave a firm and practice at another firm." ABA Formal Opinion 489 (Dec. 4, 2019). Heenan does not need to seek leave of this Court if Heenan seeks to hire Inabnit. The parties may move the Court to address the issue of Inabnit's hiring by Heenan if Heenan hires Inabnit. The Court will evaluate the merits of any motions that the parties might file at that point, including any allegations of actual conflicts that have arisen or any unethical conduct that the parties believe to have occurred. It would not be appropriate for the Court to offer its views on potential conflicts that could arise from Inabnit's joining of Heenan's law firm.

The Court recognizes that Inabnit has gained access to sensitive information in his role of defending Ticketmaster. The Court admonishes Inabnit, Heenan, and all parties that compliance with the Montana Rules of Professional Conduct and Federal Rules of Civil Procedure 23 must be paramount. This case represents the first multi-district litigation matter adjudicated in the District of Montana. The high-profile nature of the litigation and significant financial resources at stake only serve to highlight the need for the parties – all parties – especially Heenan and Inabnit to abide scrupulously with the Montana Rules of Professional Conduct.

The Court expects nothing less than strict adherence to the Montana Rules of Professional Conduct.

The Court also reminds counsel that maintaining the highest ethical standards proves paramount to the integrity of the legal profession. The Montana Rules of Professional Conduct, along with the American Bar Association's Model Rules, provide the framework for such standards. Specifically, Rule 1.9 addresses the duties to former clients. Rule 1.9 prohibits representation in the same or a substantially related matter without informed, written consent from the former client. Rule 1.9 further prevents a lawyer from using information "relating to the representation to the disadvantage of the former client" or "when the information has become generally known." This rule has particular resonance for Inabnit, as he has been exposed to information in his representation of Ticketmaster that could be used to the disadvantage of Ticketmaster

The Court emphasizes the importance of avoiding conflicts of interest, which can undermine the fairness and integrity of the judicial process. Inabnit's prior involvement with Ticketmaster and the Joint Defense Group, where he was privy to privileged information, raises significant concerns about potential conflicts should he join Heenan's firm. The Court will not address the merits of that issue for the reasons stated above, without allegations of actual misconduct, and on an incomplete record.

The Court emphasizes to Heenan and Inabnit their obligations under the Montana Rules of Professional Conduct, including the duty of loyalty and confidentiality to former clients. The Court expects strict compliance with these rules to prevent any appearance of impropriety or divided loyalties. Failure to adhere to these ethical obligations may result in serious consequences, including disqualification from representing parties in this litigation. The Court takes these matters seriously and will not hesitate to enforce the rules to protect the integrity of the proceeding. The Court immediately will refer any alleged violation to the Montana Office of Disciplinary Counsel.

The Court trusts that all counsel in this case will take this admonishment seriously and conduct themselves in a manner consistent with their professional responsibilities. The integrity of this case and our court system depends on it. The Court encourages the parties to work together to ensure compliance with the rules. (*See* Doc. 371.) "Practicing law in Montana is a lot like dancing in a fishbowl." *Sudan v. Royal & Sunalliance*, 9:04-cv-250-DWM, Doc. 25 (Nov. 29, 2006). Practitioners are highly visible, and the Bar is not large. "It is best to get along" with those "who are engaged in the mutual endeavor." *Id.*

Accordingly, it is hereby **ORDERED**:

1) John Heenan's Motion Seeking Leave to Hire Elijah Inabnit and Remain Court-Appointed Co-Lead Counsel (Doc. 490) is denied without prejudice due to the Court's lack of subject matter jurisdiction.

DATED this 14th day of August 2025.

_____
Brian Morris, Chief District Judge
United States District Court