**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BUTTE DIVISION**

| | |
|---|---|
| IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION | Cause No.  2:24-md-03126-BMM<br><br><br>**ORDER ON MOTIONS TO INCORPORATE AND/OR TAKE JUDICIAL NOTICE OF EXHIBITS** |

## INTRODUCTION

Defendant Snowflake moves the Court to incorporate by reference and/or take judicial notice of 11 exhibits concurrently filed with Snowflake's Motion to Dismiss Plaintiffs' Second Amended Representative Class Action Complaint. (Doc. 420.) Plaintiffs do not oppose the Court taking judicial notice of Exhibits 1, 3, 4, and 7-10. (Doc. 443.) Plaintiffs oppose the Court taking judicial notice of Exhibits 2, 5, 6, and 11. (*Id.*)

## BACKGROUND

The Court went into depth on the factual background of this multi-district litigation on its previous order on Snowflake's motion to dismiss. (Doc. 591.) Relevant to this motion, Snowflake seeks the Court to incorporate by reference and/or take judicial notice of the following documents:

1

1. Snowflake's Shared Responsibility Model in effect at the time of breach.

2. Snowflakes April 2024 Security Addendum in effect at the time of breach.

3. An article from the Federal Trade Commission titled "Six Steps Toward More Secure Cloud Computing."

4. A report by the cybersecurity firm Mandiant titled "UNC5537 Targets Snowflake Customer Instances for Data Theft and Extortion."

5. Payment Card Industry ("PCI") Security Standards Council's PCI SSC Cloud Computing Guidelines dated April 18.

6. Center for Internet Security's CIS Controls Cloud Companion Guide, dated March 25, 2022.

7. Notice of Data Incident from QuoteWizard by LendingTree to its consumers dated July 30, 2024.

8. Notices of Data Incident from QuoteWizard by LendingTree to Plaintiffs Aaron Macom, Antoun Nader, Linda Pierce, and Nathan Thomas.

9. Notices of Data Breach from Ticketmaster to Plaintiffs Susie Garcia, Valerie Lozoya, Lavonne Madden, Jolinda Murphy, and Molly O'Hara.

10. Demand letter to Snowflake from Plaintiffs dated December 27, 2024.

11. A 2017 report from the California Assembly Committee on Privacy and Consumer Protection on amendments to the California Consumer Privacy Act.

## LEGAL STANDARD

When deciding a motion to dismiss, a court "must consider the complaint in its entirety, as well as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). Incorporation by reference "is a

judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988,1002 (2018). A defendant may seek to incorporate a document into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's complaint." *Id.* Mere mention of a document proves insufficient. *Id.* "The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.*

Courts may take judicial notice of facts that are "not subject to reasonable dispute because [they] … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The court in *In re Google Assistant Priv. Litig.,* 457 F. Supp. 3d 797, 814 (N.D. Cal. 2020), found judicial notice appropriate when the authenticity of the document could not "be reasonably question." Courts "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

## I.    Undisputed Exhibits

Plaintiffs do not oppose the motion to incorporate Exhibits 1, 3, 4, 7-10. (Doc. 443 at 1-2.) The Court incorporates the undisputed exhibits by reference to the Fourth Amended Complaint.

## II.    Disputed Exhibits

Plaintiffs argue that the incorporation and/or taking judicial notice of Exhibits 2, 5, 6, and 11 by the Court as it relates to Snowflake's motion to dismiss proves inappropriate. Plaintiffs contend that the exhibits would inject disputed factual materials contrary to Fed. R. Civ. P. 8. (Doc. 443 at 2.) Plaintiffs request that the Court analyze Snowflake's motion to dismiss without consideration of the disputed exhibits or in the alternative, take judicial notice of the existence of the documents, but not the disputed and unverified facts contained within. (*Id.*)

### a.  Exhibit 2: Security Addendum

Snowflake seeks judicial notice of Snowflake's April 2024 Security Addendum in effect at the time of the Data Breach. The court in *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1068 n.3 (N.D. Cal. 2016), took judicial notice of "the yelp Privacy Policies during the relevant time periods because they were publicly available on the Yelp website and their existence cannot be reasonably question." Similarly, the court in *Brown v. Google LLC*, 2021 WL 6064009, at *7 (N.D. Cal. Dec. 22, 2021), determined that documents that appeared on publicly available websites were "proper subjects of judicial notice."

Snowflake's Security Addendum appears on their publicly accessible website and refers to the directly relevant security measures that were in place at the time of the Data Breach. The contents of the Security Addendum do form the

basis of Plaintiffs' claims relating to Defendants responsibilities regarding the security of Plaintiffs PII. The Security Addendum establishes that both Snowflake and Snowflake's customers, the Spoke Defendants, agreed to take security measures to ensure that Consumer Plaintiffs' PII remained safe and secure. (Doc. 418 at 8 and 62.) The Court judicial notice of Snowflake's Security Addendum that was publicly available on Snowflake's website during the relevant time, as the documents existence cannot be reasonably questioned. *Opperman,* 205 F. Supp. 3d at 1068.

### b. Exhibit 5: PCI Guidelines

Snowflake seeks the Court to incorporate by reference Payment Card Industry ("PCI") Security Standards Council's PCI SSC Cloud Computing Guidelines dated April 18. (Doc. 421 at 9-10.) Snowflake argues that Plaintiffs extensively discuss the PCI standards and provides a hyperlink to the PCI Guidelines. "When a plaintiff includes a hyperlink in their complaint, courts have found that the linked item is incorporated by reference therein." *Over Active Imaginations Inc. v. Amazon.com Inc.,* 737 F. Supp. 3d 1094, 1101 n.2 (W.D. Wash. 2024) (quoting *EEOC v. 98 Starr Rd. Operating Co.*, 682 F. Supp. 3d 414, 420 (D. Vt. 2023)); *see also Cain v. Johnson Health Tech. N. Am., Inc.*, 2023 U.S. Dist. LEXIS 109026, at *7 (C.D. Cal. June 23, 2023); *Battle v. Taylor James, LLC*, 607 F. Supp. 3d 1025, 1039 (C.D. Cal. 2022).

Plaintiffs mention the PCI Guidelines multiple times through out the FAC and provide a hyperlink to the PCI Guidelines. (Doc. 485 ¶ 192-194, n.65, 68-69.) Plaintiffs argue that mentioning the PCI guidelines only a few times throughout the FAC is insufficiently extensive. The Court disagrees. Plaintiffs not only mention the PCI Guidelines multiple times in the FAC but also provided the Court with an external hyperlink to the entirety of the PCI Guidelines. Plaintiffs further rely on the PCI Guidelines to allege the specific industry standards that Snowflake should have provided for data security. The Court finds this information to be sufficiently extensive to incorporate the FCI Guidelines by reference.

### c. Exhibit 6: CIS Controls Cloud Companion Guide

Snowflake seeks the Court to incorporate by reference the Center for Internet Security's ("CIS") Controls Cloud Companion Guide, dated March 25, 2022. Like above, Plaintiffs cite to industry publications of the CIS Controls Cloud Companion Guide in the FAC. (Doc. 485 ¶ 197.) Plaintiffs also provide a hyperlink to the materials. (Doc. 485, n. 71-74.) Plaintiffs rely on the CIS Controls Cloud Companion Guide to set forth the security measures it deems Snowflake should have required to prevent the Data Breach, such as the importance of MFA and revoking access to stale credentials. (Doc. 485 ¶ 197.) The Court finds this information to be sufficiently extensive to incorporate the CIS Controls Cloud Companion Guide.

### d.  Exhibit 11: Legislative document on amendments to the CCPA

Snowflake seeks the Court to take judicial notice of a 2017 report from California Assembly Committee on Privacy and Consumer Protection on amendments to the California Consumer Privacy Act ("CCPA"). Snowflake argues that courts routinely take judicial notice of legislative history materials. *Zephyr v. Saxon Mortg. Servs., Inc*., 873 F. Supp. 2d 1223, 1226 (E.D. Cal. 2012). Taking judicial notice of legislative history materials, however, is not appropriate in every circumstance. Rule 201 deals with "judicial notice of adjudicative fact[s] only, not [] legislative fact[s]." Fed. R. Evid. 201(a) advisory committee's note. "Adjudicative facts are simply the facts of the particular case. Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." *Id*.

A court may not take judicial notice of disputed facts stated in public records. *United States v. California*, No. 2:18-cv-490-JAM-KJN, 2018 U.S. Dist. LEXIS 100908, at *8 (E.D. Cal. June 15, 2018). "Even when a court takes judicial notice of a party's exhibits – such as legislative history and government documents—the finding and statements within those documents frequently contain facts that may be disputed and conclusions that involve interpretation, opinion, and judgment." *Id*. A court may deny taking judicial notice of legislative history if the

statutory language is clear. *See Ayers v. FCA US, LLC*, 318 Cal. Rptr. 3d 691, 703 (Cal. App. 2024).

Snowflake intends to use the 2017 Legislative History document on the amendments to the CCPA to show that Plaintiffs' CCPA demand letter, if it constitutes notice under CCPA, "would defeat the purpose of the notice-and-cure provision that was added to the statute to address industry concerns." (Doc. 418 at 66.) Plaintiffs argue that by taking judicial notice of the facts contained in the legislative history report, Snowflake is asking the Court to adopt inappropriately Snowflake's interpretation of the history and present its defense against the complaint that Xian's pre-suit notice was vague and improper. *Khoja*, 899 F.3d at 1003.

The statutory language of a plaintiff's responsibility in providing pre-suit notice under the CCPA is clear. "[A] consumer [must] provide a business 30 days' written notice identifying the specific provisions of this title the consumer alleges have been or are being violated." Cal. Civ. Code § 1798.150(b). Snowflake cannot assert its own interpretations of the legislative history into the FAC. The Court, while deciding a motion to dismiss, must take all the factual allegations as true. *Lee v. Health Care Service Corp.*, 2018 WL 11450186, at *2 (D. Mont. Dec. 3, 2018). The information contained in the public legislative history documents contain disputed facts to which the Court cannot take judicial notice. The Court

takes judicial notice of the existence of legislative history of the amendments made to the CCPA, but declines to take judicial notice of the document in its entirety and the facts contained within.

## ORDER

Accordingly, **IT IS ORDERED** that Snowflake's Motion for Judicial Notice and Incorporation by Reference in Support of Snowflake's Motion to Dismiss (Doc. 420) is **GRANTED**.

- The Court incorporates by reference and/or takes judicial notice of Exhibits 1-11.

- The Court shall take judicial notice of the existence of Exhibit 11. The Court declines to take judicial notice of the facts contained within Exhibit 11.

   DATED this 29th day of October 2025.

_____
Brian Morris, Chief District Judge
United States District Court

9