# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BUTTE DIVISION

| | |
|---|---|
| IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION | Cause No.  2:24-MD-03126-BMM<br><br>**TICKETMASTER CONSUMER PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO STRIKE DEFENDANT TICKETMASTER'S SEVENTH AFFIRMATIVE DEFENSE** |

With its recently-filed Answer, Ticketmaster raises arbitration as its Seventh Affirmative Defense. The defense should be stricken because it is factually insufficient, legally insufficient, and waived.

## I.      Legal Standard

Courts "may strike from a pleading an insufficient defense . . . ." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).

An affirmative defense may be insufficient either as a matter of factual pleading or as a matter of law. With respect to factual insufficiency, the Ninth Circuit has not definitively ruled whether the heightened *Iqbal/Twombly* pleading standards apply, but many district courts hold they do for the same reasons such standards apply to Plaintiffs' claims. *See, e.g.*, *Fishman v. Tiger Nat. Gas Inc.*, No. 17-05351, 2018 WL 4468680, at *3 (N.D. Cal. Sept. 18, 2018) (weighing the competing caselaw and finding "persuasive the reasoning of the district courts of this circuit and those across the country that apply the *Twombly /Iqbal* standard to affirmative defenses"); *Grainger v. Ensley*, No. 1:18-cv-01093, 2023 WL 2602492,

1

at *4 (D. Or. Feb. 10, 2023), report and recommendation adopted, 2023 WL 2598914 (D. Or. Mar. 21, 2023) ("[W]here a motion challenges the factual sufficiency of the pleaded defenses, the court may properly apply the *Twombly/Iqbal* standard."). Accordingly, "affirmative defenses must contain sufficient factual matter to state a defense that is plausible on its face." *Pertz v. Heartland Realty Invs., Inc.*, No. 19-cv-06330, 2020 WL 95636, at *1 (N.D. Cal. Jan. 8, 2020) (internal citations and quotation marks omitted).

As for legal insufficiency, an affirmative defense can be stricken when it is foreclosed by binding authority. *See, e.g.*, *"AMY" v. Curtis*, No. 19-cv-02184, 2020 WL 6271046, at *8 (N.D. Cal. Oct. 26, 2020) (striking affirmative defense because "defendant has not cited authority that would permit the court to disregard Congress's mandatory command").

An affirmative defense of arbitration can also be waived through litigation conduct inconsistent with arbitration. *See, e.g.*, *Martin v. Yasuda*, 829 F.3d 1118, 1126 (9th Cir. 2016) (holding the defendants acted inconsistently with pursuing arbitration when they spent over a year actively litigating their case in federal court, including filing a motion to dismiss "on a key merits issue"). A waived arbitration defense should be stricken. *See FBC Mortg., LLC v. Skarg*, 699 F. Supp. 3d 837, 843–44 (N.D. Cal. 2023) (striking mandatory arbitration defense as waived because "Defendants waited eight months *and* affirmatively engaged in

other litigation procedure to try to dismiss two of [plaintiff's] claims on the merits.") (internal quotations omitted).

## II.    Argument

### A.    The defense at issue is factually insufficient.

Ticketmaster's Seventh Affirmative Defense (Doc. 616 at 43) states:

> The Fourth Amended Complaint and each of its causes of action are barred to the extent that Consumer Plaintiffs and members of the class or group they seek to represent—for which certification under Rule 23 should be denied—are covered by any arbitration agreement covering the allegations in this action

This boilerplate affirmative defense is devoid of sufficient factual content to put Plaintiffs on fair notice and is not plausible on its face. *See, e.g., Roadhouse v. Patenaude & Felix, A.P.C.*, No. 2:13-CV-00560, 2014 WL 2863054, at *2 (D. Nev. June 23, 2014) ("each of the eight defenses that Plaintiffs seek to strike consists of a single sentence. . . . Defendant has failed to do anything more than assert that these affirmative defenses might exist. Based on the statements in the Answer, the Court cannot find that these affirmative defenses are plausible on their face.").

Significantly, the Seventh Affirmative Defense does not state *which* Plaintiffs or class members are purportedly subject to arbitration agreements and does not even reference the terms or date of any such agreement. This is factually significant because Ticketmaster references "*any* arbitration agreement."  Doc. 616 at 43 (emphasis added). But Ticketmaster recently changed its Terms of Service on

3

August 12, 2025—nearly a year after this MDL began—to include different arbitration language with a different arbitration provider.[1] Ticketmaster's answer is not clear as to whether it would seek to enforce the *Heckman* arbitration clause, the post-MDL arbitration clause, or some different, unidentified clause.[2]  This failure warrants striking the defense. *See, e.g.*, *Abrahamian v. LoanDepot.com LLC*, No. CV-23-00728, 2024 WL 4870494, at *12 (D. Ariz. Nov. 22, 2024) ("[T]he availability of arbitration and the facts supporting are uniquely in Defendant's possession. However, Defendant has provided no facts or explanation to provide Plaintiff with notice of the details of its right to assert arbitration. The Court finds this defense fails even under the lesser standard and will strike the defense."); *Illumina, Inc. v. BGI Genomics Co., Ltd.*, No. 19-cv-03770, 2020 WL 571030, at *5 (N.D. Cal. Feb. 5, 2020) ("[T]he simple listing of a series of conclusory statements asserting the existence of an affirmative defense without stating a

---

[1]    *See* Ticketmaster Terms of Use (Aug. 12, 2025), https://legal.ticketmaster.com/terms-of-use.    Plaintiffs do not concede the enforceability of the new terms or arbitration language. Plaintiffs also note that any purported arbitration terms introduced after the commencement of the instant litigation should be considered void as an improper communication with class members under Fed. R. Civ. P. 23(d). *See* <u>Avery v. Teksystems, Inc</u>., No. 24-5810, 2026 WL 218992, at *7–8 (9th Cir. Jan. 28, 2026).

[2]    Outside of Ticketmaster's answer, and for purposes of full transparency to the Court, the post-MDL arbitration clause states that disputes or claims pending prior to August 12, 2025 "may or may not be subject to arbitration," and, if they are, will be "governed by any applicable arbitration agreement or agreements that currently exist between the parties in those matters," providing no clarity about which agreements create Ticketmaster's right to compel arbitration.

reason why that affirmative defense might exist is not sufficient.") (internal

quotation marks and citation omitted); *In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D.

147, 152 (C.D. Cal. 2022) ("A defendant is not free to conjure its responses out of

thin air, as there must be 'at least some valid factual basis in support of its

affirmative defense.'") (internal citation omitted).

**B.     The defense at issue is legally insufficient.**

Ticketmaster, as the party alleging it has an affirmative defense of valid

arbitration agreements, carries "the burden of proving the existence of an

agreement to arbitrate by a preponderance of the evidence." *Knutson v. Sirius XM*

*Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). While this analysis typically requires

a review of the facts in the case, the Court has ample information to strike the

arbitration-related defense now.

The arbitration agreement that Plaintiffs are aware of has been held by the

Ninth Circuit to be procedurally and substantively unconscionable and, thus,

unenforceable. *See Heckman v. Live Nation Ent., Inc.*, 120 F.4th 670, 688 (9th Cir.

2024). Because the apparent agreement (if there is one) with respect to

Ticketmaster Plaintiffs and class members is invalid under binding precedent, the

arbitration affirmative defense should be stricken as legally insufficient. *See, e.g.*,

*Curtis*, 2020 WL 6271046 at *8.

5

**C.    Ticketmaster waived its ability to assert arbitration-related defenses.**

The test for waiver of a right to compel arbitration consists of two elements: (1) knowledge of an existing right to compel arbitration; and (2) intentional acts inconsistent with that existing right. *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 468 (9th Cir. 2023) (citing *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022)). Ticketmaster has waived arbitration as a defense by its litigation conduct. Pursuant to the Order Setting Schedule For Modified Initial Disclosures And Motions To Compel Arbitration And To Dismiss, And Modifying Plaintiffs' Leadership Structure (Doc. 401), the Court set May 16, 2025, as the "deadline for Defendants to file Rule 12 motions or motions to compel arbitration related to Plaintiffs' Second Amended Representative Class Action Complaint (Doc. 395)." Indeed, footnote 2 specifically stated that "Any Defendant filing a motion to compel arbitration shall have the right to file a motion to dismiss at a later time if its motion to compel arbitration and any follow on appeal prove unsuccessful." The Court did not provide for the alternative, that a Defendant who files a motion to dismiss shall have the right at a later time to file its motion to compel arbitration. As such, Ticketmaster has waived its opportunity to compel arbitration in this case and Plaintiffs respectfully request the Arbitration Affirmative Defense be stricken from the Answer.

*FBC Mortgage, LLC v. Skarg*, 699 F. Supp. 3d 837 (N.D. Cal. 2023), is

6

instructive. Relying on the Ninth Circuit's two-part test for waiver of the right to compel arbitration delineated in *Hill*, 59 F.4th at 468, the district court determined that 1) the first element was satisfied because the defendants had knowledge of the arbitration clauses through a letter from defense counsel stating the complaint had attached individual employment agreements with arbitration clauses; and 2) the second element was satisfied because the defendants waited over eight months, and a month and a half after receiving an adverse ruling on their motion to dismiss, before they moved to compel arbitration. *FBC*, 699 F. Supp. 3d at 841–42. The district court rejected an argument by the defendants that they "dragged their feet for only eight months," finding it not dispositive. *Id.* (citing *Sywula v. Teleport Mobility, Inc.*, No. 21-cv-01450, 2023 WL 4630620, at \*7 (S.D. Cal. July 18, 2023) ("the length of delay is just one factor that gives color to the totality of Defendants' conduct . . . and whether Defendants' acts were inconsistent with their known rights")).

Ticketmaster, like the Defendants in *FBC*, chose to file a motion to dismiss instead of bringing a motion to compel arbitration. Even worse, the Court specifically issued an Order setting a deadline for Ticketmaster to bring that motion and Ticketmaster instead chose to bring a motion to dismiss. It is only now, after the Court ruled on Ticketmaster's motion to dismiss, that Ticketmaster includes an affirmative defense raising its alleged arbitration right in its answer.

7

Beyond the pleading challenges, the parties have engaged in discovery, retained experts, participated in two mediations, and conducted substantial additional work. Unlike *FBC*, where the district court denied the motion to compel arbitration and struck the affirmative defense defendants had waited months to plead, Ticketmaster here has known about arbitration-related defenses for well over a year, was asked by the Court to bring its motion eight months ago, and refused to do so. Under these circumstances, the second element is undoubtedly met and the Court should determine that Ticketmaster waived its ability to assert that Plaintiffs or the absent class members should be compelled to arbitrate their claims.

This reasoning applies equally to both the Ticketmaster Plaintiffs and class members even though the latter are not yet formally parties before the court. *See Hill*, 59 F.4th at 469–70 (9th Cir. 2023) (finding arbitration waived with respect to absent class members even though the litigation conduct inconsistent with arbitration occurred pre-certification); *see also Houghton v. Polychain Alchemy, LLC*, No. 24-7243, 2025 WL 296520, at *1 (9th Cir. Oct. 21, 2025) (affirming that "a present ability to move to enforce an arbitration agreement" is not required for conduct supporting waiver) (quoting *Hill*, 59 F.4th at 469)). Accordingly, the Seventh affirmative defense should be stricken because it has been waived.

## III.    Conclusion

Under these circumstances, Ticketmaster Plaintiffs respectfully request the

8

Court strike Ticketmaster's Seventh Affirmative Defense.

Dated: January 30, 2026

Respectfully submitted,

/s/ Jason S. Rathod
Jason S. Rathod
**Migliaccio & Rathod LLP**
412 H St NE, Suite 302
Washington DC 20002
Tel. 202.470.3520
jrathod@classlawdc.com

/s/ Raphael Graybill
Raphael Graybill
**Graybill Law Firm, PC**
300 4th Street North
Great Falls, MT 59401
Tel. 406.452.8566
raph@graybilllawfirm.com

/s/ Amy Keller
Amy Keller
**DiCello Levitt LLP**
Ten North Dearborn, Sixth Floor
Chicago, Illinois 60602
Tel. 312.214.7900
akeller@dicellolevitt.com

/s/ John Heenan
John Heenan
**Heenan & Cook**
1631 Zimmerman Trail
Billings, MT 59102

Tel. 406.839.9091

john@lawmontana.com

*/s/ J. Devlan Geddes*

J. Devlan Geddes

**Goetz, Geddes & Gardner P.C.**

35 N. Grand Ave.

Bozeman, MT 59715

Tel. 406.587.0618

devlan@goetzlawfirm.com

*Co-Lead Counsel for Plaintiffs*

10

**Certificate of Compliance**

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this Brief in Support of Motion to Strike Defendant Ticketmaster's Seventh Affirmative Defense is printed with proportionately spaced Times New Roman text typeface of 14 points; is double-spaced; and the word count, calculated by Microsoft Word for Microsoft 365, is 1945 words long, excluding Caption, Certificate of Service and Certificate of Compliance.

*/s/ Jason S. Rathod*
Jason S. Rathod

11