**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION | Cause No.  2:24-md-03126-BMM<br><br>**ORDER ON TICKETMASTER'S MOTION TO COMPEL DISCOVERY FROM CONSUMER PLAINTIFFS** |

**INTRODUCTION**

Defendants Live Nation Entertainment, Inc. and Ticketmaster L.L.C. (collectively, "Ticketmaster") filed a motion to compel discovery from Consumer Plaintiffs. (Doc. 701.) Consumer Plaintiffs oppose the motion. (Doc. 708.) The Court held a hearing on the matter on June 11, 2026. (Doc. 712.)

**BACKGROUND**

This multi-district litigation addresses an alleged "hub-and-spoke" data breach involving cloud-based data storage and analytics provider Defendant Snowflake, Inc. ("Snowflake"). (Doc. 1 ¶ 2.) Snowflake, the "hub," stores secure sensitive data of numerous companies ("Spoke Defendants") on Snowflake's data cloud. (*Id*.)

1

Plaintiffs include consumer customers of Ticketmaster, LLC, and Live Nation Entertainment, Inc. (collectively "Ticketmaster") and LendingTree, LLC, and Quotewizard.com, LLC (collectively, "LendingTree") ("Consumer Plaintiffs"); the Los Angeles Unified School District ("LAUSD Plaintiffs"); and financial institutions whose customers include Consumer Plaintiffs ("Financial Institution Plaintiffs"). Plaintiffs allege that threat actors stole the data they provided to the Spoke Defendants and stored on Snowflake's cloud in the data breach ("Data Breach").

Ticketmaster suffered a security breach in April and May of 2024 that compromised the financial and personal information of hundreds of millions of customers after a third party accessed their cloud platform. This multi-district litigation commenced on October 8, 2024, to address the related suits. (Doc. 1.) The parties have been engaged in discovery for many months. Substantial completion of discovery documents is due on July 31, 2026. (Doc. 606 Ex. 1.)

The Court appointed U.S. Magistrate Judge John T. Johnston as a Special Master pursuant to Federal Rule of Civil Procedure 53 and the Court's inherent authority to manage the MDL. (Doc. 383.) The Special Master's duties have included attempting to resolve discovery conflicts and supervise discovery. (*Id.*) The Special Master has tried to resolve numerous discovery disputes presented by the parties. The parties now have filed several competing motions to compel, with

2

corresponding and responsive motions for protective orders. (*See generally in the docket from* Doc. 680 to Doc. 738.)

This order pertains to Ticketmaster's motion to compel discovery from Consumer Plaintiffs related to Consumer Plaintiffs' responses and objections to Ticketmaster's interrogatories and requests for production. (Doc. 701, Doc. 702.) Consumer Plaintiffs provided their responses and objections to Ticketmaster's interrogatories and requests for production on February 2, 2026. (Doc. 702 at 9.) Ticketmaster raised concerns with Consumer Plaintiffs' production and written responses on February 6, 2026. (*Id.*) Ticketmaster's concerns included an issue with Consumer Plaintiffs' failure to produce copies of the named plaintiffs' credit reports, among other deficiencies. (*Id.* at 9-10.) The parties communicated back and forth regarding the dispute and Consumer Plaintiffs produced additional documents to supplement their original production. (*Id.*) Ticketmaster asserts that Consumer Plaintiffs' production remains inadequate and seeks to compel additional discovery. (*Id.*)

## LEGAL STANDARD

The Court possesses broad discretion to manage discovery. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). A motion to compel may be filed when a party disagrees with the objections raised by the other party and wants to compel more complete answers. *Nei v. Travelers Property Cas. Co. of Am.*, 326 F.R.D. 652,

656 (D. Mont. 2018). Courts may compel the production of evidence within the limits of Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 26(b)(1) permits discovery of any nonprivileged matter that would be relevant to any party's claim or defense and would be proportional to the needs of the case. Evidence need not be admissible to be relevant, and thus discoverable. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

"Once a party establishes that a discovery request seeks relevant information, '[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'" *Schulz v. Mountain W. Farm Bureau Mut. Ins. Co.*, No. CV 20-88-M-DLC, 2021 WL 322725, at *5 (D. Mont. Feb. 1, 2021) (quoting *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 559-60 (S.D. Cal. 2019)). The movant must have conferred or attempted to confer in good faith with the party failing to respond to the discovery requests prior to filing a motion to compel. Fed. R. Civ. P. 37(a)(1).

## DISCUSSION

Ticketmaster first asserts that Consumer Plaintiffs' objections to Ticketmaster's requests have been waived as they were untimely provided several days after the agreed upon deadline. (Doc. 702 at 12-14.) Consumer Plaintiffs assert that they are not withholding responsive documents based on any objection. (Doc. 708 at 1-2.) The Court determines that it proves within its discretion and appropriate

to decline to hold that any of Consumer Plaintiffs' objections have been waived as it proves unnecessary to this motion. The Court decides similarly as to Consumer Plaintiffs' argument that Ticketmaster's motion proves procedurally inadequate as Ticketmaster failed to raise its issues or meet and confer with Consumer Plaintiffs before filing. (Doc. 708 at 1-4.) The Court concludes that Ticketmaster communicated its assertions of inadequacy to Consumer Plaintiffs during discovery production. The Court agrees that the numerous discovery motions filed recently appear to be a tit-for-tat game. The Court remains uninterested in refereeing such a fight and instead will focus on the remaining issues.

Ticketmaster argues that Consumer Plaintiffs have failed to produce sufficient responsive documents to substantiate their claims. (Doc. 702 at 14-29.) The Court generally agrees with Ticketmaster and orders that Consumer Plaintiffs either produce additional requested information, or certify that such materials do not exist, or no longer exist. Consumer Plaintiffs should be expected to produce documents substantiating their allegations. This evidence may include evidence related to any notices Plaintiffs received about the Data Breach, documentations of fraud, and communications related to alleged fraud.

The Court recognizes that Consumer Plaintiffs are real people who may not have meticulously catalogued and tracked these instances and retained the associated documentation. The Court additionally recognizes that Consumer Plaintiffs also

have opted-in to being named plaintiffs in a nationwide class action about a data breach and must be expected to produce all information they have or reasonably can access to substantiate their allegations. Consumer Plaintiffs must certify that they lack the relevant documents if they cannot produce responsive documentation. The Court concludes similarly regarding the related interrogatory responses by Consumer Plaintiffs. "If a party does not have sufficient information to 'fully' answer an interrogatory, the party may not simply refuse to provide an answer; rather, the party must state under oath that he or she is unable to provide the information, and must set forth in detail the efforts the party made to obtain the information." *See Gersh v. Anglin*, No. CV 17-50-M-DLC-JCL, 2019 WL 265800, at *9 (D. Mont. Jan. 18, 2019) (quoting *Rivera v.* Bell, 2007 WL 9635868, *3 (D. Mont. Oct. 23, 2007)).

The Court also acknowledges that Ticketmaster asserts slightly hypocritical positions. Ticketmaster both complains about the quantity of junk emails produced by Plaintiff Garcia and the lack of spam emails produced by Plaintiff Murphy. The Court finds this discussion unhelpful and unnecessary. The Court agrees with Ticketmaster that Consumer Plaintiffs either must produce supplemental responsive documentation or certify the absence of such information. The Court remains uninterested in petty arguments pertaining to the characterization of each discovery dispute in this MDL.

The Court similarly finds uncompelling the dispute concerning email addresses. Either Consumer Plaintiffs used those email addresses, or they did not, and the Court leaves it to the party to resolve this conundrum. The Court believes that Consumer Plaintiffs have been less than forthcoming in production of documents related to credit reports. The Court recognizes that Consumer Plaintiffs have not saved each credit report email they have received over the years. The Court also recognizes that it remains relatively easy to access current credit reports and documentation related to credit history and does not exceed the boundaries of discovery. Consumer Plaintiffs would not be creating new documents but rather accessing the documents already available to them. The Court concludes that Consumer Plaintiffs should be expected to produce such information rather than nitpick the specific format requested by Ticketmaster. The Court understands that the parties may have agreed on discovery related to the release documents allegedly signed by three named Consumer Plaintiffs in a mass arbitration with Ticketmaster. The Court declines to further address the issue of the release documents.

The Court directs Consumer Plaintiffs to produce any available supplemental information pertaining to alleged misrepresentations made by Ticketmaster. The Court recognizes that such information might not rise to the exact level requested by Ticketmaster and the Court asks Ticketmaster to exercise reasonable restraint in its criticism of Consumer Plaintiffs' productions on the matter at this time.

The Court declines to address each specific dispute in detail. The Court generally remains frustrated from the parties' lack of cooperation on discovery issues. The Court concludes that Consumer Plaintiffs thus far have failed to meet fully their discovery obligations. The Court reiterates that vague, incomplete, or boilerplate responses prove inadequate. The Court orders Consumer Plaintiffs to provide full supplementation by the close of discovery or certify under oath that such documentation does not exist, including certifying why this information no longer exists and what efforts Consumer Plaintiffs made to access the information. Ticketmaster requests no sanctions in its motion. The Court will not order sanctions at this time. The Court lastly reminds the parties that cooperation and reasonableness remain important virtues in the discovery process.

## ORDER

Accordingly, **IT IS ORDERED** that Ticketmaster's Motion to Compel (Doc. 701) is **GRANTED.**

DATED this 29th day of June, 2026.

Brian Morris, Chief District Judge
United States District Court

8