# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION | Cause No.  2:24-md-03126-BMM<br><br>**ORDER ON SNOWFLAKE'S MOTION TO COMPEL DISCOVERY FROM CONSUMER PLAINTIFFS** |

## INTRODUCTION

Defendant Snowflake, Inc. ("Snowflake") filed a motion to compel discovery from Consumer Plaintiffs. (Doc. 721.) Consumer Plaintiffs oppose the motion and filed a responsive motion for protective order. (Doc. 727, Doc. 726.)

## BACKGROUND

This multi-district litigation addresses an alleged "hub-and-spoke" data breach involving cloud-based data storage and analytics provider Defendant Snowflake, Inc. ("Snowflake"). (Doc. 1 ¶ 2.) Snowflake, the "hub," stores secure sensitive data of numerous companies ("Spoke Defendants") on Snowflake's data cloud. (*Id*.)

1

Plaintiffs include consumer customers of Ticketmaster, LLC, and Live Nation Entertainment, Inc. (collectively "Ticketmaster"), and LendingTree, LLC, and Quotewizard.com, LLC (collectively, "LendingTree") ("Consumer Plaintiffs"); the Los Angeles Unified School District ("LAUSD Plaintiffs"); and financial institutions whose customers include Consumer Plaintiffs ("Financial Institution Plaintiffs"). Plaintiffs allege threat actors stole the data they provided to the Spoke Defendants and stored on Snowflake's cloud in the data breach ("Data Breach").

Ticketmaster suffered a security breach in April and May of 2024 that compromised the financial and personal information of hundreds of millions of customers after a third party accessed their cloud platform. This multi-district litigation commenced on October 8, 2024, to address the related suits. (Doc. 1.) The parties have been engaged in discovery for many months. Substantial completion of discovery documents is due on July 31, 2026. (Doc. 606 Ex. 1.)

The Court appointed U.S. Magistrate Judge John T. Johnston as a Special Master pursuant to Federal Rule of Civil Procedure 53 and the Court's inherent authority to manage the MDL. (Doc. 383.) The Special Master's duties have included supervising discovery and attempting to resolve discovery conflicts. (*Id*.) The Special Master has tried to resolve numerous discovery disputes presented by the parties. The parties now have filed several competing motions to compel, with

corresponding and responsive motions for protective orders. (*See generally in docket from* Doc. 680 to Doc. 738.)

This order pertains to Snowflake's motion to compel discovery from Consumer Plaintiffs related to Consumer Plaintiffs' claims for emotional distress damages and their allegations that Snowflake breached industry standards. (Doc. 722.) Snowflake served written discovery requests on Consumer Plaintiffs that included two interrogatories (No. 8 and No. 9) and a request for production ("RFP") (No. 9) seeking discovery about the industry standards Consumer Plaintiffs allege Snowflake violated. (*Id*. at 9.) Snowflake's RFP No. 8 seeks discovery about Consumer Plaintiffs' alleged emotional distress and anxiety, including relevant medical or psychiatric records in Consumer Plaintiffs' possession. (*Id*.) Consumer Plaintiffs have responded to the industry standards requests that their Complaint details the industry standards and anything further calls for an expert report. (Doc. 727 at 6-7.) Consumer Plaintiffs argue they have not asserted a standalone emotional distress claim in this case and rather assert that the breach caused "garden variety and expected aggravation and anxiety." (*Id*. at 5.) Consumer Plaintiffs assert they are willing to stipulate to nominal damages for anxiety and frustration of an amount no more than $20 per class member. (*Id*.) The Court will address each issue in turn.

## LEGAL STANDARD

3

The Court possesses broad discretion to manage discovery. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). A motion to compel may be filed when a party disagrees with the objections raised by the other party and wants to compel more complete answers. *Nei v. Travelers Property Cas. Co. of Am.*, 326 F.R.D. 652, 656 (D. Mont. 2018). Courts may compel the production of evidence within the limits of Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 26(b)(1) permits discovery of any nonprivileged matter that would be relevant to any party's claim or defense and would be proportional to the needs of the case. Evidence need not be admissible to be relevant, and thus discoverable. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

"Once a party establishes that a discovery request seeks relevant information, '[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'" *Schulz v. Mountain W. Farm Bureau Mut. Ins. Co.*, No. CV 20-88-M-DLC, 2021 WL 322725, at *5 (D. Mont. Feb. 1, 2021) (quoting *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 559-60 (S.D. Cal. 2019)). The movant must have conferred, or attempted to confer, in good faith with the party failing to respond to the discovery requests before filing a motion to compel. Fed. R. Civ. P. 37(a)(1).

**DISCUSSION**

4

The Court addresses separately Snowflake's request for Consumer Plaintiffs' medical records and the request for clarification of the industry standards that Consumer Plaintiffs allege Snowflake failed to follow.

## I.    Medical Records

Snowflake seeks "all Documents and Communications sufficient to show Your mental, emotional, or psychological health following the [Data Breach] and for the five (5) years preceding the [Data Breach], including records relating to diagnosis, treatment or prescriptions for any mental, emotional, or psychological health conditions or disorders." (Doc. 727 at 15, quoting Doc. 722 Ex. F at 5-6.) Consumer Plaintiffs have offered to stipulate to nominal damages and to stipulate that "all of our plaintiffs had angst and frustration from other sources in their life." (*Id*. at 16, quoting Doc. 722 Ex. A at 46:1-8.) Snowflake asserts that Consumer Plaintiffs have put their mental health records at issue by seeking damages for anxiety and emotional distress and that these allegations are found not only throughout their complaint but also helped them defeat Defendants' Rule 12 motions to dismiss in establishing injury-in-fact. (Doc. 722 at 26.)

The Court agrees with Consumer Plaintiffs. The Court recognizes that Consumer Plaintiffs assert at least minimal emotional distress damages. The Court concludes, however, that Consumer Plaintiffs have not opened the door to extensive discovery related to seven years of their "mental, emotional, or psychological health

conditions or disorders." (Doc. 722 Ex. F at 5-6.) Consumer Plaintiffs assert no independent emotional distress claim in this case. Consumer Plaintiffs agree to stipulate to nominal damages for emotional distress. (Doc. 727 at 5.) Consumer Plaintiffs also agree to stipulate to the fact that "all of our plaintiffs had angst and frustration from other sources in their life." (*Id*. at 16.)

The Court recognizes that Snowflake has a right to defend itself based both on the extent and nature of Consumer Plaintiffs' emotional distress and by questioning whether that harm may be causally attributable to the Data Breach as opposed to another factor or condition. (Doc. 722 at 24.) The Court concludes that Snowflake sufficiently can address these questions and defend itself through cross-examination, among other argument. Consumer Plaintiffs seek only parasitic, nominal damages for emotional distress suffered from the Data Breach.

The Court emphasizes that discovery requests must be proportional and relevant to the case. Fed. R. Civ. P. 26(b)(1). The Court looks at several factors in assessing proportionality, including the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). The Court concludes that nominal, garden variety emotional distress assertions by Consumer Plaintiffs fail to open the door to burdensome and extensive discovery related to mental health issues.

"[C]ourts typically do not consider 'garden-variety' emotional distress damages to place one's mental condition 'in controversy'" and thus cause mental health records to be discoverable. *Nguyen v. Wal-Mart Assocs., Inc.*, No. 23-CV-03204-JSW, 2024 WL 4490628, at *2 (N.D. Cal. Oct. 15, 2024) (quoting *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 164 (N.D. Cal. 2013).) Courts permit extensive discovery into garden-variety emotional distress in limited circumstances that do not exist here. *Nguyen*, 2024 WL 4490628, at *2 (discussing factors that must exist to permit independent medical examination for garden-variety emotional distress claims). Consumer Plaintiffs do not assert specific mental or psychiatric injuries or disorders and do not claim unusually severe emotional distress. *Id*.; *see also Ostler v. Harris*, No. 2:18-CV-00254, 2019 WL 6879337, at *4 (D. Utah Dec. 17, 2019) (using similar factors to determine that the plaintiff had not made her mental health records discoverable when she claimed emotional distress that "naturally stemmed" from the defendant's actions).

"Garden-variety emotional distress" involves "ordinary or commonplace emotional distress, that which is simple or usual." *Pringle v. Wheeler*, No. 19-cv-07432-WHO, 2021 WL 1907824, at *3 (N.D. Cal. Apr. 16, 2021) (quoting *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003)). "In contrast, emotional distress that is not garden variety may be complex, such as that resulting in a specific psychiatric disorder." *Pringle*, 2021 WL 1907824, at *3 (internal marks omitted).

7

"General phrases like 'mental and emotional distress,' 'pain and suffering,' and 'stress, internal turmoil, trauma, and anxiety' reflect 'garden variety' emotional distresses." *Nguyen*, 2024 WL 4490628, at \*2 (quoting *Pringle*, 2021 WL 1907824, at \*4). "[M]ore specific mental injuries such as post-traumatic stress disorder, depression, insomnia, and suicidal ideation" are not garden variety. *Nguyen*, 2024 WL 4490628, at \*2 (quoting *Pringle*, 2021 WL 1907824, at \*4). Consumer Plaintiffs clearly assert garden variety emotional distress and anxiety.

Testimony from named Consumer Plaintiffs fails to suggest otherwise or to indicate that Consumer Plaintiffs have waived their privilege based on the standard typically employed in this circuit. *See Stallworth v. Brollini*, 288 F.R.D. 439, 443 (N.D. Cal. 2012). *Stallworth* adopted the middle ground approach to waiver of psychotherapist privilege which concludes that such waiver exists only when a party has put their mental state and their treatment/records at issue. *Id*. *Stallworth* reasons that the middle ground approach aligns with *Jaffee v. Redmond,* 518 U.S. 1 (1996), and represents the approach other courts in the Ninth Circuit have adopted. *Id*.; *see also Daniels v. Advanced Grp.*, No. SA CV 23-01940-MCS (DFM), 2024 WL 4784914, at \*4 (C.D. Cal. Sept. 26, 2024) (the same).

The Court reminds Consumer Plaintiffs that they may open the door to Snowflake's requested mental health discovery should their emotional distress allegations extend beyond garden-variety anxiety, aggravation, and frustration. The

8

Court reiterates that Snowflake remains able to critique, question, and cross-examine the extent and cause of Consumer Plaintiffs' alleged emotional distress without extensive, burdensome, and overbroad discovery into each named Consumer Plaintiffs' mental health records.

## II.   Industry Standards

Snowflake argues Consumer Plaintiffs must identify the specific industry standards that Snowflake violated. (Doc. 722 at 13-14.) Snowflake asserts that Consumer Plaintiffs provided a lawyer letter that identified the following purported industry standards: "(1) NIST-800; (2) ISO27001; (3) PCI DSS; (4) FERPA; (5); HIPAA; and (6) FTC Act, Section 5." (*Id*. at 18, citing Ex. B.) Snowflake contends that identification of these statutes, frameworks, and regulations fails to identify the specific industry standards Consumer Plaintiffs allege Snowflake has violated, and, therefore, impairs Snowflake's ability to prepare an effective defense which proves critical in the fact discovery phase. (*Id*. at 18-22.) Snowflake suggests that Consumer Plaintiffs have violated their discovery obligations by failing to "identif[y] a single applicable control, the conduct at issue, or why the obligation ran to Snowflake rather than its customers." (*Id*. at 18.) Snowflake's interrogatory reads: "Identify each industry standard You contend Snowflake breached, the industry to which You contend it applies, the source of that standard, and the identities of other entities to which You contend that standard applies." (Doc. 722 Ex. C at 141.)

Consumer Plaintiffs contend that Snowflake attempts to evade expert discovery deadlines by asking Consumer Plaintiffs to disclose its work applying industry standards to the facts of the Data Breach. (Doc. 727 at 6.) Consumer Plaintiffs assert that the Complaint contains "an entire section detailing the 'industry standards' Plaintiffs allege that Snowflake violated, as well as what specific measures it should have employed to prevent the breach." (*Id*. at 7; *see e.g.* Doc. 485 ¶¶ 179-198, 296.) Consumer Plaintiffs argue that any further disclosure would prove improper. (*Id*. at 25-31.)

The Court agrees with Consumer Plaintiffs. Snowflake's request proves inappropriate, overbroad, and a mischaracterization of what its interrogatory actually seeks. "It [proves] inappropriate to ask the opposing party to admit what action is required under relevant statutes and regulations, [] or to admit whether a particular activity is compliant with federal statutes or regulations." *Stevens v. United States*, No. 03-81110-CIV-HURLEY, 2011 WL 13173610, at *1 (S.D. Fla. July 25, 2011) (citing *Reichenbach v. City of Columbus*, 2006 WL 143552 (S.D. Ohio 2006)) (internal citation omitted). Snowflake cannot appropriately seek in fact discovery "pure legal conclusion[s] as to what is required under relevant federal statutory authority and industry standards." *Id*. at *2. It further proves inappropriate to request that a party provide any "sweeping legal conclusion[s] as to whether [the incident at

issue] constitutes any illegal act." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 579688, at *2 (N.D. Cal. Feb. 11, 2015).

The Court concludes that Snowflake's request exceeds the proper scope of discovery at this time. Snowflake cannot, through fact discovery, request that Consumer Plaintiffs provide their work-product detailing their research into these admittedly extensive and complex statutes, regulations, and frameworks, how these standards apply to the facts of this case, and how these standards might apply to other actors in the industry. This "selective weighing and sorting of information" amounts to Consumer Plaintiffs' counsel's "evidentiary analysis" and Snowflake's attempts to compel such work proves improper and beyond the scope of fact discovery. *Stevens*, 2011 WL 13173610, at *2. Snowflake holds sufficient insight into Consumer Plaintiffs' positions and arguments based on the Fourth Amended Complaint (Doc. 485) and the discovery provided thus far by Consumer Plaintiffs. The Court declines to grant Snowflake's motion to compel discovery from Consumer Plaintiffs.

## ORDER

Accordingly, **IT IS ORDERED** that Snowflake's Motion to Compel (Doc. 721) is **DENIED. IT IS FURTHER ORDERED** that Consumer Plaintiffs' Motion for Protective Order (Doc. 726) is **GRANTED**.

11

DATED this 29th day of June, 2026.

Brian Morris, Chief District Judge
United States District Court