**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION | Cause No.  2:24-md-03126-BMM<br><br><br>**ORDER ON SNOWFLAKE'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT INNIVE INC.** |

## INTRODUCTION

Snowflake filed a motion to compel discovery from Defendant Innive Inc. ("Innive"). (Doc. 749.) Innive has failed to respond.

## BACKGROUND

This multi-district litigation addresses an alleged "hub-and-spoke" data breach involving cloud-based data storage and analytics provider Defendant Snowflake, Inc. ("Snowflake"). (Doc. 1 ¶ 2.) Snowflake, the "hub," stores secure sensitive data of numerous companies ("Spoke Defendants") on Snowflake's data cloud. (*Id*.)

Plaintiffs include consumer customers of Ticketmaster, LLC, and Live Nation Entertainment, Inc. (collectively "Ticketmaster"), and LendingTree, LLC, and Quotewizard.com, LLC (collectively, "LendingTree") ("Consumer Plaintiffs"); the

1

Los Angeles Unified School District ("LAUSD Plaintiffs"); and financial institutions whose customers include Consumer Plaintiffs ("Financial Institution Plaintiffs"). Plaintiffs allege threat actors stole the data they provided to the Spoke Defendants and stored on Snowflake's cloud in the data breach ("Data Breach").

Ticketmaster suffered a security breach in April and May of 2024 that compromised the financial and personal information of hundreds of millions of customers after a third party accessed their cloud platform. This multi-district litigation commenced on October 8, 2024, to address the related suits. (Doc. 1.) The parties have engaged in discovery for many months. Substantial completion of discovery documents is due on July 31, 2026. (Doc. 606 Ex. 1.)

The Court appointed U.S. Magistrate Judge John T. Johnston as a Special Master pursuant to Federal Rule of Civil Procedure 53 and the Court's inherent authority to manage the MDL. (Doc. 383.) The Special Master's duties have included supervising discovery and attempting to resolve discovery conflicts. (*Id*.) The Special Master has tried to resolve numerous discovery disputes presented by the parties. The parties filed several competing motions to compel, with corresponding and responsive motions for protective orders. (*See generally in docket from* Doc. 680 to Doc. 738.) The Court filed several orders resolving these discovery disputes. (Doc. 739, Doc. 740, Doc. 744.)

This order pertains to Snowflake's motion to compel discovery from Innive. (Doc. 749.) The Court granted Innive's previous counsel of record's motion to withdraw from this litigation on May 1, 2026. (Doc. 671.) Innive's previous counsel of record was Robert A. Kashfian, Troy D. Krouse, Kuan-Ting Huang of Kashfian and Kashfian LLP, and local counsel of record Matthew McKeon of Datsopoulos, MacDonald, & Lind, P.C.. (*Id*.) The previous counsel of record cited a breakdown in the attorney-client relationship asserting that "[c]ommunication between Movants and Innive ha[d] ceased since March 23, 2026." (*Id*. at 2.) The Court granted Movant's request subject to the following conditions:

1. Innive shall find new counsel to enter an appearance within twenty (20) days of this Order granting withdrawal. A failure by Innive to locate counsel within the specified time may result in the entry of default against Innive.

2. Movants shall maintain and preserve all documents and data received from Innive during their representation. Movants shall promptly transfer all documents and client files to Innive's new counsel once an appearance has been made by new counsel in this action.

3. Movants shall use reasonable efforts to ensure that Innive's relevant insurers are aware of the claims against Innive in this action. Movants must inform the parties and Innive's newly appointed counsel of the reasonable efforts made during the representation to inform Innive's insurers of the claims underlying this action. Movants shall inform Innive's newly appointed counsel that additional applicable insurance coverage may need to be located and a claim tendered.

3

4. Movants shall file with the Court under seal a declaration attesting to their compliance with the conditions for their withdrawal set forth in this Order.

5. Innive promptly shall produce all relevant insurance policies and related coverage material applicable to this action to the parties.

(*Id.* at 5-6.) It appears that Innive's former counsel have complied with the Court's order. No new counsel for Innive has entered an appearance on the docket.

Snowflake asserts that it has attempted to communicate with Innive, Innive's former counsel, and with Innive's purported current counsel. (Doc. 750 at 5-7.) Innive and Innive's purported current counsel have failed to respond to Snowflake's communication efforts. (*Id.*) Innive's former local counsel has stated that he is not in receipt of any documents from Innive and remains "unaware of what was provided to [Innive's former out-of-state counsel]." (*Id.* Ex. B at 1.) The deadline for Innive to respond to Snowflake's discovery requests passed on May 10, 2026. (*Id.* at 7.) The deadline for Innive to enter an appearance of new counsel lapsed on May 21, 2026. (*Id.*)

## LEGAL STANDARD

The Court possesses broad discretion to manage discovery. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). A motion to compel may be filed when a party disagrees with the objections raised by the other party and wants to compel more complete answers. *Nei v. Travelers Property Cas. Co. of Am.*, 326 F.R.D. 652, 656 (D. Mont. 2018). Courts may compel the production of evidence within the

4

limits of Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 26(b)(1) permits discovery of any nonprivileged matter that would be relevant to any party's claim or defense and would be proportional to the needs of the case. Evidence need not be admissible to be relevant, and thus discoverable. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

"Once a party establishes that a discovery request seeks relevant information, '[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'" *Schulz v. Mountain W. Farm Bureau Mut. Ins. Co.*, No. CV 20-88-M-DLC, 2021 WL 322725, at *5 (D. Mont. Feb. 1, 2021) (quoting *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 559-60 (S.D. Cal. 2019)). The movant must have conferred, or attempted to confer, in good faith with the party failing to respond to the discovery requests before filing a motion to compel. Fed. R. Civ. P. 37(a)(1).

Federal Rule of Civil Procedure 37(b)(2)(A) states, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." The sanctions a court may award under Rule 37(b)(2)(A) include: (i) directing that facts be taken as established "as the prevailing party claims"; (ii) prohibiting the disobedient party from introducing certain evidence or from supporting or opposing certain claims or defenses; (iii) wholly or partially striking pleadings; (iv) staying further proceedings until orders are obeyed;

(v) dismissing the action in whole or in part; (vi) entering a default judgment against the disobedient party; or (vii) treating failure to obey most kinds of orders as contempt. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). A district court has "great latitude" is fashioning sanctions pursuant to Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

### DISCUSSION

Snowflake argues that Innive "has produced no documents in response to Snowflake's requests for production, served no interrogatory responses, and has served no objections." (Doc. 750 at 8.) Snowflake asserts that it requires discovery from Innive to defend itself against Plaintiffs' claims. (*Id*. at 9.) Snowflake contends that it "seeks essential information related to what data was stored in the Innive Snowflake environment, who was responsible for Innive's cybersecurity controls, and what Snowflake-provided and/or third-party cybersecurity controls Innive did or did not implement." (*Id*.) Snowflake specifically argues that it suffers acute prejudice in relation to depositions of LAUSD Plaintiffs because Snowflake has been unable to coordinate scheduling the depositions. (*Id*. at 9-10.)

The Court agrees that Innive's failure to comply with the Court's discovery order or to respond to Snowflake's discovery requests presents "a straightforward Rule 37 violation." (*Id*. at 8.) The Court remains unconvinced that granting Snowflake's motion to compel and issuing sanctions would compel production by

Innive of any of the information Snowflake requests. Innive has failed to comply with the Court's previous order directing it enter an appearance of new counsel by May 21, 2026. Innive has been completely unresponsive both to the Court, to its former counsel, and to Snowflake. The Court recognizes that mere entry of default or dismissal of Innive will not solve Snowflake's demonstrated prejudice. The Court, for that reason, will grant Snowflake's motion to compel. The Court remains concerned, however, of Innive's repeated disregard of the Court's orders.

Snowflake seeks sanctions for Innive's discovery abuses. (Doc. 750 at 10-11.) A district court may impose sanctions, including default, for failing to comply with a court order under FRCP 37(b). *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011). Rule 37(b) reads in relevant part as follows:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part; [and] rendering a default judgment against the disobedient party.

Fed.R.Civ.P. 37(b)(2)(A)(v)–(vi). The Court remains skeptical whether sanctions will prompt Innive to respond. The Court has few options as this point. The Court determines that sanctions clearly prove appropriate and will grant Snowflake's request. The Court warned the parties that it initially would award sanctions of $5000 for discovery abuses and increase the sanctions ten-fold each subsequent time. The Court will impose $5000 in sanctions against Innive to be awarded to Snowflake.

## ORDER

Accordingly, **IT IS ORDERED** that Snowflake's Motion to Compel (Doc. 749) is **GRANTED**. The Court orders Innive to respond to Snowflake's discovery requests within 7 days of this order. Innive shall pay $5000 to Snowflake as sanctions for its abuse of the discovery process within 15 days of this order.

DATED this 16th day of July 2026.

_____

Brian Morris, Chief District Judge
United States District Court

8