**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BUTTE DIVISION**

| | |
|---|---|
| IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION | Cause No. 2:24-md-03126-BMM<br><br>**ORDER ON SNOWFLAKE'S MOTION TO COMPEL DISCOVERY FROM LENDINGTREE AND QUOTEWIZARD** |

## INTRODUCTION

Defendant Snowflake filed a motion to compel discovery from LendingTree, LLC and QuoteWizard.com, LLC (collectively "LendingTree"). (Doc. 773.) Snowflake's motion seeks to compel discovery related only to LendingTree Plaintiffs' claims. (Doc. 774 at 6.) LendingTree opposes Snowflake's motion and asserts its pending interlocutory appeal of the Court's denial of its motion to compel arbitration triggers an automatic stay under *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), and it should be exempted from discovery. (Doc. 778.)

## BACKGROUND

This multi-district litigation addresses an alleged "hub-and-spoke" data breach involving cloud-based data storage and analytics provider Defendant Snowflake, Inc. ("Snowflake"). (Doc. 1 ¶ 2.) Snowflake, the "hub," stores secure

sensitive data of numerous companies ("Spoke Defendants") on Snowflake's data cloud. (*Id.*)

Plaintiffs include consumer customers of Ticketmaster, LLC, and Live Nation Entertainment, Inc. (collectively "Ticketmaster"), and LendingTree ("Consumer Plaintiffs"); the Los Angeles Unified School District ("LAUSD Plaintiffs"); and financial institutions whose customers include Consumer Plaintiffs ("Financial Institution Plaintiffs"). Plaintiffs allege threat actors stole the data they provided to the Spoke Defendants and stored on Snowflake's cloud in the data breach ("Data Breach").

Ticketmaster suffered a security breach in April and May of 2024 that compromised the financial and personal information of hundreds of millions of customers after a third party accessed their cloud platform. This multi-district litigation commenced on October 8, 2024, to address the related suits. (Doc. 1.) The parties have engaged in discovery for many months. Substantial completion of discovery documents was due on July 31, 2026. (Doc. 606 Ex. 1.)

The Court appointed U.S. Magistrate Judge John T. Johnston as a Special Master pursuant to Federal Rule of Civil Procedure 53 and the Court's inherent authority to manage the MDL. (Doc. 383.) The Special Master's duties have included supervising discovery and attempting to resolve discovery conflicts. (*Id.*) The Special Master has tried to resolve numerous discovery disputes presented by

the parties. The parties now have filed several competing motions to compel, with corresponding and responsive motions for protective orders. (*See generally in docket from* Doc. 680 to Doc. 779.) The Court filed several orders resolving these discovery disputes. (Doc. 739, Doc. 740, Doc. 744, Doc. 760, Doc. 761, Doc. 766.)

This order pertains to Snowflake's motion to compel discovery from LendingTree. (Doc. 773.) Snowflake served LendingTree with a Rule 45 subpoena and Rule 30(b)(6) deposition notices seeking discovery on July 7, 2026. (Doc. 774 at 1, 8, citing Ex. B.) Snowflake sought testimony and documents on fifteen topics concerning, among other things, the Incident, LendingTree's cybersecurity controls, the compromised account and its credentials, the data at issue, and LendingTree's investigation and communications with its own customers. (Doc. 774 Ex. B.) LendingTree responded to Snowflake on July 27, 2026, with a single objection to Snowflake's requests based on its pending interlocutory appeal of the Court's order denying its motion to compel arbitration (Doc. 595) and the U.S. Supreme Court's opinion in *Coinbase*, 599 U.S. at 747. (Doc. 774 at 5-6.) The parties met-and-conferred and failed to come to an agreement. (*Id*. at 6, citing Ex. A.) Snowflake promptly filed a motion to compel. (Doc. 773.)

Four named plaintiffs (collectively "LendingTree Plaintiffs") filed a class action against QuoteWizard and LendingTree in this matter. (*See* Doc. 595, Doc. 485.) LendingTree Plaintiffs assert claims against LendingTree for negligence,

Washington Consumer Protection Act violations, and unjust enrichment. (Doc. 485 ¶¶ 683-720, 749.) LendingTree moved to compel arbitration as to these claims. (Doc. 424.) The Court denied LendingTree's motion to compel arbitration. (Doc. 595.) LendingTree promptly appealed the Court's decision to the Ninth Circuit. (*See* Doc. 596.) LendingTree Plaintiffs still possess active and separate claims against Snowflake for negligence and violation of the Montana Unfair Trade Practices and Consumer Protection Act. (Doc. 485 ¶¶ 328-53.) LendingTree Plaintiffs' claims against Snowflake undisputably are not subject to arbitration. (Doc. 774 at 6.)

## LEGAL STANDARD

The Court possesses broad discretion to manage discovery. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). A motion to compel may be filed when a party disagrees with the objections raised by the other party and wants to compel more complete answers. *Nei v. Travelers Property Cas. Co. of Am.*, 326 F.R.D. 652, 656 (D. Mont. 2018). Courts may compel the production of evidence within the limits of Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 26(b)(1) permits discovery of any nonprivileged matter that would be relevant to any party's claim or defense and would be proportional to the needs of the case. Evidence need not be admissible to be relevant, and thus discoverable. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

"Once a party establishes that a discovery request seeks relevant information, '[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'" *Schulz v. Mountain W. Farm Bureau Mut. Ins. Co.*, No. CV 20-88-M-DLC, 2021 WL 322725, at *5 (D. Mont. Feb. 1, 2021) (quoting *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 559-60 (S.D. Cal. 2019)). The movant must have conferred, or attempted to confer, in good faith with the party failing to respond to the discovery requests before filing a motion to compel. Fed. R. Civ. P. 37(a)(1).

Federal Rule of Civil Procedure 37(b)(2)(A) states, "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." The sanctions a court may award under Rule 37(b)(2)(A) include the following: (i) directing that facts be taken as established "as the prevailing party claims"; (ii) prohibiting the disobedient party from introducing certain evidence or from supporting or opposing certain claims or defenses; (iii) wholly or partially striking pleadings; (iv) staying further proceedings until orders are obeyed; (v) dismissing the action in whole or in part; (vi) entering a default judgment against the disobedient party; or (vii) treating failure to obey most kinds of orders as contempt. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). A district court possesses "great latitude" in fashioning sanctions pursuant to Rule 37. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1425 (9th Cir. 1985).

Fed. R. Civ. P. 26(b) allows a party to seek discovery concerning any nonprivileged matter that proves relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Fed. R. Civ. P. 45 permits a party in a lawsuit to serve on any person a subpoena requiring the production of discovery that falls within the scope of Rule 26(b). Fed. R. Civ. P. 45(a)(1)(A)(iii); *see Fachner v. Am. Econ. Ins. Co.*, No. CV 23-63-BLG-KLD, 2025 WL 1425981, at *2 (D. Mont. May 16, 2025).

Rule 45 requires the court to quash or modify a subpoena if the subpoena (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). An evaluation of undue burden requires the court to weigh the burden on the subpoenaed party against the value of the information to the serving party. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. Dec. 7, 2005). "The burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant." *In re NanoPyxis Co., Ltd.*, No. 4:17-MC-80151-KAW, 2018 WL 1156838, at *2 (N.D. Cal. Mar. 5, 2018) (quoting *In re Ex Parte Apple Inc.*, No. 12-mc-80013-JW, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012) (citation omitted)); *see also Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005). A district court's ultimate decision on whether to quash a subpoena typically presents a matter of

discretion. *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003).

**DISCUSSION**

LendingTree asserts that its appeal on arbitrability automatically stays all the Court's proceedings as to it. (Doc. 778 at 8.) LendingTree argues that *Coinbase* holds that a district court "must stay its proceedings while the interlocutory appeal on arbitrability is ongoing." (*Id.*, quoting *Coinbase*, 599 U.S. at 740.) LendingTree contends that *Coinbase*'s holding extends to all proceedings involving it within this MDL. (*Id.*) LendingTree further argues that Rule 45 represents an improper vehicle for this request pursuant to the rules of discovery as LendingTree remains a party to this litigation despite the automatic stay. (*Id.* at 9.) The Court will address each issue in turn.

The plaintiff in *Coinbase* filed a class action against Coinbase, asserting that the company failed to replace funds fraudulently taken from its users' accounts. *See Coinbase*, 599 U.S. at 739. Coinbase had a user agreement that contained an arbitration provision. Coinbase moved to compel arbitration based on that provision, but the district court denied the motion. Coinbase filed an interlocutory appeal of the denial. The U.S. Supreme Court faced the issue of whether Coinbase's pending interlocutory appeal entitled it to a stay of the district court proceedings. The U.S. Supreme Court held that Coinbase was so entitled. *Id.* at 747.

The U.S. Supreme Court pointed to the principle articulated in *Griggs v. Provident Consumer Discount Co.*, that "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Id*. at 740-41 (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). The U.S. Supreme Court reasoned that "[b]ecause the question on appeal is whether the case belongs in arbitration or instead in the district court, the entire case is essentially 'involved in the appeal.'" *Coinbase*, 599 U.S. at 741 (quoting *Griggs*, 459 U.S. at 58). The U.S. Supreme Court further observed that it would prove wasteful if the district court were to proceed forward with litigation and then arbitration was to be ordered on appeal." *Coinbase*, 599 U.S. at 742-43.

LendingTree argues that *Coinbase* mandates a stay of all proceedings in which it is involved within this MDL because it has appealed the Court's order on arbitration. (Doc. 778 at 9.) LendingTree fails to distinguish between the claims against it—that it argues are subject to arbitration—and the LendingTree Plaintiffs' claims against Snowflake. LendingTree fails entirely to address the LendingTree Plaintiffs' claims and how they should be addressed in the context of *Coinbase*. The Court finds telling this omission.

LendingTree cannot argue persuasively that the *Coinbase* stay extends to LendingTree Plaintiffs' claims against Snowflake and so it entirely ignores those claims from its briefing. LendingTree further cannot persuasively argue that the

dispute over arbitrability covers "the entire case" and fails to recognize this difference between the case here and *Coinbase*. The *Coinbase* stay cannot extend to the entire Snowflake MDL and specifically does not extend to the LendingTree Plaintiffs' claims against Snowflake.

As a result, Snowflake must defend itself against the LendingTree Plaintiffs' claims regardless of LendingTree's appeal of the Court's arbitration order. The *Coinbase* reasoning that judicial efficiency might be lost without a stay therefore remains inapplicable here. Snowflake will remain capable of seeking discovery from LendingTree because of LendingTree Plaintiffs' claims no matter what the Ninth Circuit concludes as to LendingTree's pending appeal on arbitrability. The only difference in the discovery process will concern whether LendingTree remains a party to the litigation.

For those reasons, the Court agrees that the Rule 45 subpoena proves proper. The Court recognizes that technically speaking, LendingTree remains a party to this litigation. The Court observes, however, that if the Ninth Circuit agrees with LendingTree on appeal, LendingTree will depart the litigation and move to arbitration. Rule 45 would prove the proper route to obtain discovery from LendingTree in that case. Snowflake's Rule 45 subpoena appears unusual but, in this context, it prepares for a potential outcome and takes a conservative approach.

The Court further observes that "the majority view is that Rule 45 subpoenas can be served on both parties and nonparties." *Jacobs v. Advanced Dermatology & Skin Cancer Specialists PC*, No. MC-23-00032-PHX-DWL, 2023 WL 8185701, at *4 (D. Ariz. Nov. 27, 2023) (citing *Marten v. Haire*, 329 F.R.D. 256, 259 (D. Mont. 2018) ("There may be cases where a Rule 45 subpoena is an appropriate discovery tool when addressed to a party . . ..")). Nothing in Snowflake's motion attempts to circumvent the rules of discovery or the Court's orders. *See Jacobs*, 2023 WL 8185701, at *4. The Court finds that this approach proves appropriate under the rules considering LendingTree unquestionably will be required to provide discovery in this litigation regardless of the future outcome of its appeal and its status in the MDL.

The Court notes that the MDL statute, 28 U.S.C. § 1407, provides, in pertinent part, that the "judges to whom such actions are assigned . . . may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in . . . coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(b). Courts routinely conclude that the powers of § 1407 extend jurisdiction to the presiding court to "to enforce a subpoena that requires compliance in another district, despite the procedural requirements of Rule 45." *In re Disposable Contact Lens Antitrust Litig.*, 306 F. Supp. 3d 372, 378 (D.D.C. 2017) (citing *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 468-69 (6th Cir. 2006) ("A judge presiding over an MDL . . . can compel production by an extra-district nonparty

[and] enforce, modify, or quash a subpoena directed to an extra-district nonparty[.]"); *see also In re Photochromic Lens Antitrust Litig.*, No. 8:10–md–2173–T–27, 2012 WL 12904391, at *2 (M.D. Fla. Dec. 20, 2012) (collecting cases and concluding that, "[i]n keeping with the efficiency goals of the MDL statute, courts have concluded that an MDL judge's authority extends to overseeing subpoenas for documents"); *In re Subpoenas Served on Wilmer, Cutler & Pickering and Goodwin Proctor LLP*, 255 F.Supp.2d 1, 2 (D.D.C. 2003) (weighing the competing provisions of Rule 45 and section 1407 and determining that, under section 1407, the authority to rule on the motion to quash a subpoena belonged to the judge overseeing the underlying MDL); *see also In re Clients & Former Clients of Baron & Budd, P.C.*, 478 F.3d 670, 671 (5th Cir. 2007) (" [Section 1407(b)] therefore authorizes the transferee district court to exercise the authority of a district judge in any district: The transferee court may hear and decide motions to compel or motions to quash or modify subpoenas directed to nonparties in any district. Though the statutory language refers to "pretrial depositions," the statute wisely has been interpreted to embrace document production subpoenas as well." (collecting cases)); *but see In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-MD-2670-JLS-MDD, 2018 WL 454440, at *2 (S.D. Cal. Jan. 17, 2018) (denying without prejudice subpoena duces tecum with instruction to refile in the district of compliance).

The Court further notes that even those courts that view § 1407(b) as limited remain more likely to recognize that "the power to conduct pretrial depositions may necessarily include the power to enforce deposition subpoenas," even while they conclude it may not extend to a subpoena *duces tecum* for documents-only production. *In re Packaged Seafood*, 2018 WL 454440, at *2 ("a distinction that makes a difference."). The Court also observes that Snowflake's subpoena states that the deposition will take place "at a location to be agreed upon in writing by counsel" and that LendingTree is to "bring with [it] to the deposition" the requested document or that they can be served through mail or email. (Doc. 779 at 4, citing Doc. 774 Ex. 7.) No indications exist that Snowflake's subpoena seeks compliance outside the 100-mile zone.

The Court agrees with the above-cited courts and determines that §1407(b) authorizes it to exercise jurisdiction over Snowflake's motion to compel and grant Snowflake's Rule 45 subpoena pursuant to the Court's authority over this MDL. The Court determines that this result maximizes judicial efficiency and consistency within the MDL. The Court sees no errors in Snowflake's request. Snowflake requests no sanctions in its motion. The Court will not order sanctions at this time.

## ORDER

Accordingly, **IT IS ORDERED** that Snowflake's Motion to Compel Discovery from LendingTree (Doc. 773) is GRANTED.

DATED this 19th day of August 2026.

Brian Morris, Chief District Judge
United States District Court