**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BUTTE DIVISION**

| | |
|---|---|
| IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION | Cause No. 2:24-md-03126-BMM<br><br>**ORDER ON DEFENDANT SNOWFLAKE'S MOTION TO HOLD DEFENDANT INNIVE INC. IN CONTEMPT** |

## INTRODUCTION

Defendant Snowflake Inc. ("Snowflake") filed a motion with this Court to hold Defendant Innive ("Innive") in contempt of this Court's order on May 1, 2026 to obtain new counsel and the order on July 16, 2026 to respond to Snowflake's outstanding discovery requestions. (Doc. 785.) Innive opposes the motion. (Id.) Plaintiffs responded to this motion and requested that the Court instead grant their motion for default under Rule 55(a). (Doc. 801 at 1.) Plaintiffs oppose any sanction that would tend to apportion fault between Innive and Snowflake. (Id.) Plaintiffs do not take a position on monetary sanctions against Innive. (Id. at 2.)

## BACKGROUND

Innive has failed to either obtain new counsel or respond to Snowflake's discovery requests as required by this Court's orders on May 1, 2026 and July 16, 2026. (Doc. 760.) Snowflake asks the Court for the following relief: (1) to find Innive in contempt, (2) compel Innive to comply with the May 1 and July 16 orders within 7 days, (3) grant Snowflake attorneys' fees, and (4) award addition sanctions of $50,000 or more to Snowflake. (Doc. 786 at 1.) Snowflake also asks the Court to prohibit Innive from introducing any evidence at trial in response to Snowflake's discovery. (*Id.*) Finally, Snowflake asks the Court to provide adverse jury instructions that Innive "(1) failed to take any steps to mitigate the impact of the data breach; (2) lacked any cybersecurity policies; and (3) failed to abide by its obligations under the Shared Responsibility Model." (*Id.* at 1-2.)

Plaintiffs object to Snowflake's request for evidentiary restrictions and adverse-inference instructions. (Doc. 801 at 4.) Plaintiffs argue that the adverse jury instructions requested by Snowflake "ask[] the Court to apportion fault between Innive and Snowflake on the ultimate questions in the case," leading to prejudice against Plaintiffs. (*Id.* at 1.) Plaintiffs request that the Court enter a default judgment against Innive and reserve questions of fault for later in the case with all parties heard. *(Id.* at 4.) The Clerk of Court granted Plaintiffs' motion for a default judgment on September 15, 2026. (Doc. 850.)

## LEGAL STANDARD

The Court possesses broad discretion to manage discovery. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). Rule 37(2)(A) of the Federal Rules of Civil Procedure provides the sanctions available to a court when a party "fails to obey an order to provide or permit discovery . . ." Fed. R. Civ. Pro. 37(2)(A). The two sanctions relevant to this motion are those allowing the court to "render[] a default judgment against the disobedient party" or "treat[] as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. Pro. 37(2)(A)(vi-vii). Courts review discovery sanctions for abuse of discretion. *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

## ORDER

The Court chooses not to hold Innive in contempt. The Court acknowledges that Innive's failure to participate has prejudiced both Snowflake and Plaintiffs. As parties are aware, Innive currently is in turmoil and as Plaintiffs note, "its assets and insurance are uncertain." (Doc. 801 at 5.) The Court does not believe that expending judicial resources to Innive's participation or compensation of the parties would be beneficial at this time. The Court instead has taken the first step in

the sanction authorized by 37(2)(A)(vi) by entering default against Innive. Fed. R. Civ. Pro. 37(2)(A)(vi); (Doc. 850.)

Accordingly, **IT IS ORDERED** that Snowflake's motion to hold Defendant Innive in contempt of this Court's July 16, 2026 order (Doc. 785) is **DENIED.**

DATED this 6th day of October 2026.

Brian Morris, Chief District Judge
United States District Court