**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BUTTE DIVISION**

| | |
|---|---|
| IN RE: SNOWFLAKE, INC., DATA SECURITY BREACH LITIGATION | Cause No. 2:24-md-03126-BMM<br><br>**ORDER ON PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER AND DEFENDANTS' CROSS MOTION TO COMPEL DISCOVERY** |

## INTRODUCTION

Plaintiffs Eric Anderson, Lauren Neve, and Molly O'Hara (collectively "Plaintiffs") filed a motion for a protective order. Plaintiffs ask the Court to "enter a Protective Order permitting Plaintiffs to partially waive any attorney-client privilege they may have with attorneys representing mass arbitration claimants." (Doc. 783 at 1.) Plaintiffs additionally request that the Court "preclud[e] discovery regarding any information or documents related to Plaintiffs by the undersigned counsel in the matters addressed by this MDL." (*Id.*) Defendants Ticketmaster L.L.C. and Live Nation Entertainment, Inc. (collectively "Ticketmaster") oppose and filed a cross motion asking the Court to compel the discovery at issue. (Doc. 790.)

## BACKGROUND

Plaintiffs engaged in a mass arbitration process with Ticketmaster outside the MDL. (Doc. 790 at 8). Plaintiffs engaged with three mass arbitration law firms in that process. (*Id.*) Those firms negotiated settlement agreements with Ticketmaster (*Id.*) Plaintiffs signed the settlement agreements. (*Id.*) Plaintiffs assert that they were mistaken in signing the agreements, that they did not intend to enter an attorney-client relationship with the mass arbitration counsel, that they did not wish to settle their claims, and that they wish to remain a part of the MDL. (Doc. 784 at 1.)

Parties sought and were granted a reciprocal number of additional discovery requests on this issue. (Doc. 761 at 1.) Plaintiffs assert that they "wish to produce communications with the mass-arbitration counsel." (*Id* at 1-2.) Plaintiffs raise concerns about providing a subject-matter waiver over privileged attorney-client communications between the MDL attorneys and Plaintiffs relating to the mass arbitration issue. (*Id.*) The parties exchanged proposed stipulations on this issue but could not reach an agreement. (*Id.* at 2.) Parties sought assistance from U.S. Magistrate Judge Johnston, who advised them to seek an order from the Court compelling production while avoiding subject-matter waiver. (*Id.*) Plaintiffs agree with this course of action but have filed this motion with the Court in order to avoid discovery sanctions. (*Id.*)

## LEGAL STANDARD

The Court possesses broad discretion to manage discovery. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). Under Rule 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden and expense." Fed. R. Civ. P. 26(c)(1). A protective order may "forbid" discovery or certain inquiries, or "limit the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (D). The party seeking a protective order bears the burden of proving good cause. *Rivera v. NIBCO, Inc.,* 364 F.3d 1057, 1063 (9th Cir. 2004). "That burden is met by demonstrating a particular need for protection supported by specific facts as opposed broad allegations of harm." *Alvarado-Herrera v. Acuity*, 344 F.R.D. 103, 106 (D. Nev. 2023).

A motion to compel may be filed when a party disagrees with the objections raised by the other party and wants to compel more complete answers. *Nei v. Travelers Property Cas. Co. of Am.*, 326 F.R.D. 652, 656 (D. Mont. 2018). Courts may compel the production of evidence within the limits of Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 26(b)(1) permits discovery of any nonprivileged matter that would be relevant to any party's claim or defense and would be proportional to the needs of the case. Evidence need not be admissible to be relevant,

and thus discoverable. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

"Once a party establishes that a discovery request seeks relevant information, '[t]he party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.'" *Schulz v. Mountain W. Farm Bureau Mut. Ins. Co.*, No. CV 20-88-M-DLC, 2021 WL 322725, at *5 (D. Mont. Feb. 1, 2021) (quoting *Jensen v. BMW of N. Am., LLC*, 328 F.R.D. 557, 559-60 (S.D. Cal. 2019)). The movant must have conferred, or attempted to confer, in good faith with the party failing to respond to the discovery requests before filing a motion to compel. Fed. R. Civ. P. 37(a)(1).

## DISCUSSION

These motions present odd fits for the dispute at hand. Plaintiffs admit that they are willing to provide discovery but have filed a motion for a protective order as a vehicle to avoid waiver of attorney client privilege and preempt a motion for discovery sanctions. (Doc. 784 at 2.) Plaintiffs request that the Court enter an order compelling production of documents and communications between the relevant plaintiffs and mass-arbitration counsel. (*Id.*) Nonetheless, the test for a protective order can be applied here. Plaintiffs must bear their burden to show good cause by "demonstrating a particular need for protection supported by specific facts as opposed broad allegations of harm." *Alvarado-Herrera,* 344 F.R.D. at 106.

The Court finds that Plaintiffs have done so. Plaintiffs ask the Court to limit discovery only to the extent necessary to, "ensure that no subject-matter waiver occur[s]." (Doc. 784 at 2.) Plaintiffs support this particular need for protection by specifying that they seek to avoid waiver that may "result in Ticketmaster seeking communications between the Plaintiff and the undersigned." (Doc. 784 at 1.) (emphasis omitted). Plaintiffs present a narrow request supported by a narrow concern. The Court accordingly find it appropriate to grant Plaintiffs some protection against subject-matter waiver of the attorney client privilege.

Both Plaintiffs and Ticketmaster ask the Court to compel discovery. (Doc. 784 at 2; Doc. 790 at 2.) No dispute exists as to whether Ticketmaster's discovery requests are relevant or proportional. There is also no attempt on the part of the Plaintiffs to resist disclosure, absent the concern regarding subject matter waiver of attorney client privilege. The Court finds it appropriate to compel production of the documents and communications between Plaintiffs Eric Anderson, Lauren Neve, and Molly O'Hara and mass arbitration counsel. The Court declines to order discovery sanctions or award expenses or attorneys' fees at this time.

Accordingly, **IT IS ORDERED** that Plaintiffs' Motion for a Protective Order (Doc. 783) and Defendant's Motion to Compel Discovery (Doc. 789) are **GRANTED** in part.

- Plaintiffs shall produce documents pursuant to Defendants' discovery requests authorized by this Court's July 20, 2026, Order (Doc. 761) within 10 days of this order;
- To the extent that the Defendant wishes to obtain discovery related to mass arbitration subject matter over which Plaintiffs claim attorney client privilege, Defendants shall file a motion seeking those communications with this Court.

DATED this 14th day of October 2026.

Brian Morris, Chief District Judge
United States District Court